OPINION
{¶ 1} The appellant, Mario Felder, pro se, appeals the July 1, 2003 judgment and sentence of the Marion County Court of Common Pleas. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} On two different occasions in October, 2002, Felder sold crack cocaine to a confidential operative working under the supervision of officers with the MARMET Drug Task Force. Each purchase was for approximately one gram of crack cocaine for $100 each, which totaled $200 for both transactions. Felder was subsequently arrested and indicted for this and other illegal activity. At his arraignment, Felder plead not guilty to all the charges and, because he was determined to be indigent, the trial judge appointed counsel.
 {¶ 3} Ultimately, on July 1, 2003, Felder changed his plea to guilty to two counts of trafficking cocaine and one count of engaging in corrupt activity. Pursuant to the plea agreement, Felder was sentenced to two years in prison and was additionally ordered to pay $200 in restitution to MARMET Drug Task Force as well as court costs and attorneys fees.
 {¶ 4} Felder was sent to prison, and in August 2004 he was served with a notice that the costs of prosecution, attorneys' fees, and restitution would be removed from his inmate account. Consequently, Felder made a motion to vacate the court costs, restitution, and attorneys' fees, which was denied. Felder appeals alleging two assignments of error. For the sake of judicial brevity, the two assignments will be discussed together.
The trial court erred in denying the appellant's motion for the [sic]vacating and/or suspension of court costs, fines, mandatory fines, and/orrestitution and suspension of garnishment of his inmate account.
 The trial counsel was ineffective for not objecting to and moving forthe suspension of fines/costs and restitution at the sentencing hearing,when he knew or should have reasonably known it was his responsibility tofile for indigency for appellant and/or to request hearing of thatdetermination before fine/cost [sic] were imposed in [sic] theappellant's behalf.
 {¶ 5} In the instant case, Felder argues that because he is indigent, he should not be responsible for paying restitution, court costs, or attorneys' fees. Moreover, he suggests that the trial court erred by not conducting an indigency hearing to determine whether Felder was capable of paying the specified fines. Felder contends that garnishing a portion of his $18/month inmate stipend prohibits him from purchasing the "basic necessities of institutional life" (e.g. toiletries, writing paper, and postage). Finally, Felder argues that his counsel was ineffective because he did not object to the trial court's imposition of court costs, restitution, and attorneys' fees.
 {¶ 6} In State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, at ¶ 8, the Ohio Supreme Court held that "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." Similarly, R.C.2929.18(A)(1) permits a trial court to sentence an offender to pay restitution. The statute states, in relevant part, that "[a]t sentencing, the court shall determine the amount of restitution to be made by the offender." R.C. 2929.18(A)(1). Furthermore, the statute states that a trial court may hold a hearing for purposes of determining whether the offender is able to pay the sanction or likely in the future to pay the sanction. Id (emphasis added). See also State v. Robinson, 3rd Dist. No. 5-04-12, 2004-Ohio-5346, at ¶ 17; State v. Willis, 12th Dist. No. CA2002-02-028, 2002-Ohio-6303, at ¶¶ 23-25 (holding that ordering a defendant to pay restitution or attorneys' fees is within R.C. 2929.18). A hearing, however, is not required pursuant to R.C. 2929.18(E) as long as "the record contains evidence that the trial court considered the offender's present and future ability to pay before imposing the sanction of restitution." Robinson, 2004-Ohio-5346, at ¶ 17 citing State v.Scott, 6th Dist. No. L-01-1337, 2003-Ohio-1868, at ¶ 9.
 {¶ 7} In the case sub judice, because R.C. 2947.23 requires a trial court to impose the costs of prosecution, see White, supra, we conclude that Felder's argument regarding the costs of prosecution is without merit. Furthermore, we reject Felder's argument that he should not be required to pay restitution to MARMET or pay attorneys' fees.
 {¶ 8} In the instant case, the trial judge appointed Felder counsel because he determined that Felder was indigent. Moreover, when Felder signed his plea agreement on July 1, 2003 an additional affidavit of indigency was filed as well. It can reasonably be concluded, therefore, that when the trial court entered its sentence on July 3, 2003, it took into account Felder's indigency status. Accordingly, the first assignment of error is overruled.
 {¶ 9} In Felder's second assignment of error, he claims that his counsel was ineffective by not objecting to the trial court's order that Felder to pay restitution, the costs of prosecution, and attorneys' fees. It is well known that Ohio has adopted the two-prong test outlined in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, to determine whether a defendant has a valid ineffective assistance of counsel claim. State v. Bradley (1989), 42 Ohio St.3d 136, 141-42,538 N.E.2d 373. Given our analysis that the law requires Felder to pay the costs of prosecution and that the trial court considered Felder's indigency before imposing restitution and attorneys' fees, supra, we cannot conclude that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Thus, the second assignment of error is overruled.
Judgment Affirmed.
 Rogers and Bryant, JJ., concur.