DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the trial court that imposed a four-year prison sentence and a mandatory fine of $10,000 following appellant's conviction of one count of possession of cocaine. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "Argument One
 {¶ 4} "The trial court committed plain error in imposing the mandatory fine of $10,000 as the court found that appellant did not have the financial ability to pay the costs of prosecution and therefore should have also found that the appellant did not have the financial ability to pay the mandatory fine and no fine should have been imposed.
 {¶ 5} "Argument Two
 {¶ 6} "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth andFourteenth Amendments to the United States Constitution as well as under Section 10, Article I, of the Ohio Constitution by trial counsel's failure to file the Affidavit of Indigency required by R.C. 2929.18(B)(1) resulting in the erroneous imposition of a fine of $10,000 as part of appellant's sentence."
 {¶ 7} On October 18, 2004, appellant entered a plea of guilty to one count of possession of cocaine, in violation of R.C.2925.11(A) and (C)(4)(f), a felony of the first degree. The trial court accepted appellant's plea and entered a finding of guilt. On December 2, 2004, the trial court sentenced appellant to a mandatory term of incarceration of four years, imposed a five-year license suspension, and ordered appellant to pay the mandatory fine of $10,000. Further, although appellant had not filed an affidavit of indigency, the trial court waived the costs of prosecution, finding that appellant did not have, or reasonably may not be expected to have, the means to pay all or part of those costs.
 {¶ 8} In his first assignment of error, appellant asserts the trial court erred by ordering him to pay the $10,000 fine while at the same time finding he did not have the means to pay the costs of prosecution. We find this argument to be without merit.
 {¶ 9} The record reflects that appellant did not file an affidavit of indigency prior to sentencing. R.C. 2929.18(B)(1) requires that an indigent offender file an affidavit with the trial court prior to his or her sentencing to be exempt from paying a mandatory fine. In State v. Gipson, 80 Ohio St.3d 626,634, 1998 Ohio 659, the Supreme Court of Ohio held that the failure of a party to supply the trial court with an affidavit attesting to his indigency "is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." The court further stated that the statute is clear and unambiguous as to the requirement that an affidavit be filed before sentencing. Id. at 633. In fact, Ohio courts have held that a trial court commits error by not
imposing a fine mandated by law. See State v. Gray, 11th Dist. No. 20976, 2005-Ohio-6833. The fine imposed on appellant herein is mandated by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1).
 {¶ 10} The trial court, when determining indigency for avoidance of a mandatory fine, has wide latitude to determine whether an offender is in fact indigent. State v. Grissom, 11th Dist. No. 2001-L-107, 2002-Ohio-5154. A trial court's determination that a defendant is indigent and unable to paycosts does not dictate whether the defendant is entitled to avoid a mandatory fine. See State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352. When evaluating indigency for the avoidance of a mandatory fine, the trial court may inquire into the defendant's ability to pay the mandatory fine in the future, and is not limited to the indigency status of the defendant at the time the fine was imposed. Grissom, supra, at ¶ 35.
 {¶ 11} Thus, we conclude that the trial court's finding in this case that appellant was unable to pay costs at the time of sentencing was irrelevant to a determination of whether he was entitled to avoid the mandatory fine. Additionally, due to appellant's failure to supply the trial court with an affidavit of indigency prior to sentencing, the requirements of R.C.2929.18 were not met. For all of the foregoing reasons, appellant's first assignment of error is not well-taken.
 {¶ 12} In his second assignment of error, appellant asserts he was denied effective assistance of counsel due to counsel's failure to supply the trial court with an affidavit of indigency. He argues that if counsel had filed an affidavit, the fine would not have been imposed. This claim is not supported by the record.
 {¶ 13} To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 14} Ohio courts have held that the failure to file an affidavit attesting to a defendant's indigency only establishes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent. See, e.g., State v. Johnson, 6th Dist. No. L-03-1046, 2004-Ohio-2458; State v. Powell (1992),78 Ohio App.3d 784; State v. Huffman (Jan. 26, 1995), 8th Dist. No. 63938. Here, the record reflects that appellant was able to post $100,000 bond and retain private counsel. Given those circumstances, it is unlikely the trial court would have found him indigent. Based on the foregoing, this court finds that appellant was not denied effective assistance of counsel and, accordingly, his second assignment of error is not well-taken.
 {¶ 15} In his reply brief, appellant suggests that this matter should be remanded to the trial court for resentencing pursuant to State v. Foster (2006), 109 Ohio St.3d 1. However, because appellant failed to raise an assignment of error regarding sentencing, this issue is not properly before the court.
 {¶ 16} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J., Concur.