OPINION
{¶ 1} Plaintiff-appellant, Richard Hamilton, Jr., appeals from a judgment of the Court of Claims of Ohio granting judgment in favor of defendant-appellant, Dayton Correctional Institution ("DCI"), and third-party defendant, Mission Systems, Inc. ("Mission"). For the following reasons, we affirm that judgment.
 {¶ 2} Appellant was incarcerated at DCI in 2001. While incarcerated, appellant worked repairing heating and air conditioning units. On March 6, 2001, appellant's supervisor, Nick Parchment, directed appellant to repair an ice machine. To accomplish the repair, appellant had to bend down on his knees and place his arms up inside the machine. Parchment did not place any safety cones or similar warnings around appellant and did not directly supervise appellant during the repair. As appellant repaired the machine, Larry Stewart, a temporary maintenance worker, ran into appellant with a six-wheel, light utility vehicle. The vehicle's front bumper hit appellant in his lower back and pinned him against the ice machine for a few seconds. After the incident, appellant finished the repair of the ice machine. However, his lower back began to hurt about an hour later. Appellant went to the prison's infirmary complaining of back pain, numbness and tingling in his legs. Appellant had surgery on his back in May 2001.
 {¶ 3} As a result of this incident, appellant sued DCI. Appellant alleged that DCI was liable for the negligence of Stewart, who was acting in the course and scope of his employment with DCI when he injured appellant. In its answer, DCI claimed that it did not employ Stewart. Instead, DCI alleged that Stewart was employed by Mission, a company with a state contract to provide temporary employees. DCI also asserted a third-party claim against Mission for contribution in the event that DCI was held vicariously liable for appellant's injuries. Mission admitted that Stewart was its employee and that it provided him to DCI pursuant to its state contract. However, Mission also asserted causes of action against DCI for negligent supervision and breach of contract. Appellant later attempted to sue Mission in a separate action in state court, but that action was dismissed because appellant failed to bring the claim within the applicable statute of limitations.
 {¶ 4} On May 9, 2005, the trial court held a trial limited to liability issues. Appellant presented evidence demonstrating that his injuries were caused by Stewart's negligence, and claimed that because Stewart was acting in the course and scope of his employment, DCI was liable for his injuries. In support of its own claims, Mission presented evidence attempting to show that Parchment negligently allowed Stewart to drive the vehicle, a task Mission alleged Stewart was not qualified to perform. The trial court found that Stewart's negligent operation of the vehicle was the sole cause of appellant's injuries. The trial court also determined that because Stewart did not work for DCI and was not a state employee, DCI could not be vicariously liable to appellant for Stewart's negligent acts. Therefore, the trial court found in favor of DCI on appellant's negligence claim. The trial court also found that Mission did not present sufficient evidence to prove that DCI was negligent in allowing Stewart to drive the vehicle. Lastly, the trial court found that Mission suffered no damages arising from any alleged breach of contract by DCI.
 {¶ 5} Appellant appeals and assigns the following errors:
 I. THE COURT OF CLAIMS ERRED IN FINDING THAT PARCHMENT WAS NOT NEGLIGENT AND DCI NOT LIABLE FOR HIS NEGLIGENCE.
 II. THE COURT OF CLAIMS ERRED IN DECLINING TO DECIDE WHETHER THE STATE IS ENTITLED TO CONTRIBUTION FROM MSI.
 {¶ 6} In his first assignment of error, appellant contends that the weight of the evidence does not support the trial court's finding that Parchment was not negligent.
Appellant claims that Parchment was negligent because: (1) he did not set out any warnings, such as safety cones or tape, to protect appellant while appellant worked; (2) he failed to provide appellant with a safe workplace; and (3) he failed to supervise appellant as appellant worked on the ice machine. We note, however, that appellant's complaint does not assert a claim of negligence against DCI based upon Parchment's conduct. Nor does the complaint allege any claim against DCI based upon its alleged failure to set out warnings, failure to protect appellant, failure to provide a safe workplace, or failure to supervise appellant. Appellant's complaint alleges only one cause of action: a claim of negligence against DCI premised on the allegation that Stewart was a DCI or state employee and that he negligently injured appellant while acting in the scope of his employment.
 {¶ 7} Consistent with the complaint, at trial, appellant based his claim of negligence on Stewart's operation of the vehicle. In fact, in his post-trial memorandum, appellant asserted that "[DCI's] employee/agent was negligent in driving the [vehicle] in such a manner as to cause it to run into [appellant]. [Appellant] submits that he is therefore entitled to judgment against the Defendants on the issue of negligence." Thus, it is clear that appellant based his theory of recovery in the trial court solely on Stewart's negligence, not on any alleged negligence of Parchment.[1] Nevertheless, appellant now asserts on appeal that the trial court erred when it determined that DCI was not liable for Parchment's negligence. In essence, appellant contends that his claim against DCI is based upon Parchment's alleged negligence, not Stewart's alleged negligence.
 {¶ 8} It is well-established that an appellant may not assert a new theory for the first time before an appellate court. Kalish v. TransWorld Airlines (1977), 50 Ohio St.2d 73, 77 (plaintiff who proceeded under state law in trial court may not assert a federal cause of action for the first time on appeal); Poluse v. Youngstown (1999),135 Ohio App.3d 720, 729 (plaintiff could not pursue common law action on appeal where complaint revealed no such claim); Lanham v. Franklin Twp., Clermont App. No. CA2002-07-052, 2003-Ohio-2222, at ¶ 13 (appellant's breach of contract claim not raised in complaint could not be pursued on appeal); Van Nostran-Young Ins. Agency v. State Auto Ins. Cos., Stark App. No. 2002-CA-00371, 2003-Ohio-4393, at ¶ 25 (claim not raised in trial court may not be raised on appeal for the first time); Coleman v.Ginn (Dec. 21, 1989), Logan App. No. 8-86-21 ("It is fundamental that the theory upon which a case is tried must be adhered to on appeal.").
 {¶ 9} Here, appellant's assignment of error is premised on a legal theory that appellant never alleged in his complaint or asserted at trial. Because appellant did not assert a claim against DCI based upon Parchment's negligence, appellant cannot on appeal assert what is in essence a new theory of recovery. The fact that Parchment's conduct was addressed at trial in connection with Mission's claim against DCI is irrelevant.
 {¶ 10} We also note that in his reply brief, appellant argues that the trial court erred when it failed to find that Stewart was a "de facto" employee of DCI. However, because appellant did not raise this issue in an assignment of error, the issue is not properly before the court and we will not address it. See State v. Gore, Lucas App. No. L-05-1242,2006-Ohio-5622, ¶ 15 (disregarding sentencing issue raised in defendant's reply brief because issue not raised in assignment of error). See, also, Akron v. Wendell (1990), 70 Ohio App.3d 35, 46 ("[W]e need not address these issues as they are not separately set forth as assignments of error."); Dublin v. Clark, Franklin App. No. 05AP-431,2005-Ohio-5926, at fn. 2 (declining to consider issue raised by appellant that was not raised in an assignment of error); Hoffman v.CHSHO, Inc., Clermont App. No. CA2004-09-072, 2005-Ohio-3909, at fn.1 (disregarding alleged error stated in footnote of appellate brief because error not raised in assignment of error).
 {¶ 11} Lastly, even if appellant had asserted below a claim of negligence against DCI premised on Parchment's conduct, we would still find no error. The trial court expressly found that Stewart's negligence was the sole cause of appellant's injuries. Appellant does not assign that finding as error in this appeal. Therefore, even if Parchment was negligent, his negligence could not have been the proximate cause of appellant's injuries. See Abrams v. Worthington, Franklin App. No. 05AP-912, 2006-Ohio-5516, at ¶ 15; Essig v. Sara Lane Corp. (Aug. 1, 2000), Franklin App. No. 99AP-1432 (claim for negligent supervision requires proof that employer's negligence was the proximate cause of plaintiff's injuries).
 {¶ 12} For all of these reasons, appellant's first assignment of error is overruled.
 {¶ 13} Our disposition of appellant's first assignment of error renders moot appellant's second assignment of error regarding the State's right to contribution from Mission. App.R.12.
 {¶ 14} In conclusion, appellant's first assignment of error is overruled and his second assignment of error is moot. The judgment of the Court of Claims is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
[1] Mission did raise the question of Parchment's alleged negligence in support of its own negligent supervision claim against DCI. However, the trial court found that Parchment was not negligent. Even though appellant did not base his negligence claim against DCI on Parchment's conduct, the trial court addressed Parchment's conduct as if it was the basis of appellant's claim.