OPINION
{¶ 1} Defendant-Appellant, Keith R. Foreman, Jr., appeals the judgment of the Hancock County Court of Common Pleas convicting him of one count of engaging in a pattern of corrupt activity, four counts of complicity, five counts of trafficking in cocaine, and one count of cocaine possession, sentencing him to an aggregate sixteen-year prison term, and ordering him to pay an aggregate of $25,000 in mandatory fines. On appeal, Foreman asserts that the trial court erred in ordering him to pay $25,000 in fines without considering his present and future ability to pay and that he received ineffective assistance of counsel in violation of his constitutional rights. Finding that the trial court did not err and that Foreman's counsel was effective, we affirm the judgment of the trial court.
 {¶ 2} In August 2006, the Hancock County Grand Jury indicted Foreman on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree (Count One); one count of complicity to trafficking in cocaine in violation of R.C. 2923.03(A)(1), (2), a felony of the fourth degree (Count Two); one count of trafficking in cocaine in violation of R.C. 2925.03(A), with a specification that such offense was committed within one-hundred feet of a juvenile, a felony of the third degree (Count Three); one count of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fourth degree (Count Four); one count of complicity to trafficking in cocaine in *Page 3 
violation of R.C. 2923.03(A)(1), (2), a felony of the third degree (Count Five); one count of complicity to trafficking in cocaine in violation of R.C. 2923.03(A)(1), (2), a felony of the fifth degree (Count Six); one count of complicity to trafficking in cocaine in violation of R.C. 2925.03(A)(1), (2), with a specification that such offense was committed within one-thousand feet of a school, a felony of the fourth degree (Count Seven); one count of trafficking in cocaine in violation of R.C. 2925.03(A), with a specification that such offense was committed within one-thousand feet of a school, a felony of the third degree (Count Eight); one count of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fourth degree (Count Nine); one count of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fourth degree (Count Ten); and, one count of cocaine possession in violation of R.C. 2925.11(A), a felony of the first degree (Count Eleven).
 {¶ 3} Thereafter, the trial court appointed counsel to represent Foreman, due to indigence, and he entered a plea of not guilty to all counts in the indictment.
 {¶ 4} In January 2007, Foreman retained private counsel and his court-appointed counsel withdrew.
 {¶ 5} In May 2007, Foreman moved to withdraw his plea of not guilty and entered a plea of no contest to all counts in the indictment. *Page 4 
 {¶ 6} In June 2007, the trial court accepted Foreman's plea of no contest and convicted him of all counts in the indictment. Thereafter, the trial court sentenced Foreman to an eight-year prison term on Count One; to a one-year prison term as to each Count Two, Count Three, Count Four, Count Six, Count Seven, Count Eight, Count Nine, and Count Ten; to a mandatory one-year prison term on Count Five; and, to a mandatory eight-year prison term on Count Eleven. The trial court ordered Counts One and Eleven to be served consecutively, for an aggregate sixteen-year prison term, and Counts Two through Ten to be served consecutively, for an aggregate nine-year prison term, and ordered the sixteen-year aggregate prison term and nine-year aggregate prison term to be served concurrently for an aggregate sixteen-year prison term. Additionally, the trial court ordered Foreman to pay a mandatory fine of $5,000 as to each Count Three, Court Five, and Count Eight, and to pay a mandatory fine of $10,000 on Count Eleven, for an aggregate of $25,000. Finally, the trial court stated that the parties agreed that Foreman owned a vehicle subject to forfeiture pursuant to R.C. 2933.42.
 {¶ 7} It is from this judgment that Foreman appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED BY ORDERING MR. FOREMAN TO PAY A $25,000.00 FINE WITHOUT *Page 5 
 CONSIDERING MR. FOREMAN'S PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6). FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. (JUNE 7, 2007 JUDGMENT ENTRY; MAY 29, 2007 PLEA AND SENTENCING HEARING TRANSCRIPT PP. 51-62).
 Assignment of Error No. II TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN, PRIOR TO SENTENCING, TRIAL COUNSEL FAILED TO FILE AN AFFIDAVIT OF INDIGENCY ON MR. FOREMAN'S BEHALF. (JUNE 7, 2007 JUDGMENT ENTRY; MAY 29, 2007 PLEA AND SENTENCING HEARING TRANSCRIPT PP. 51-62).
 Assignment of Error No. I {¶ 8} In his first assignment of error, Foreman contends that the trial court erred by ordering him to pay a $25,000 fine without considering his present and future ability to pay pursuant to R.C. 2929.19(B)(6). Specifically, Foreman argues that R.C. 2929.19(B)(6) requires a trial court to consider a defendant's present and future ability to pay prior to the imposition of a fine and that nothing in the record demonstrates that the trial court considered this. Additionally, Foreman argues that, had the trial court considered his ability to pay, the record demonstrates that it would not have ordered the $25,000 fine because his only *Page 6 
asset was subject to forfeiture and he was appointed counsel at the trial and appellate levels due to indigence.
 {¶ 9} R.C. 2929.18(B)(1) governs mandatory fines and provides that:
 For a first, second, or third degree felony violation of any provision of Chapter 2925. * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.
 {¶ 10} Accordingly, an offender must file an affidavit with the trial court prior to sentencing in order to claim indigence and be exempted from paying a mandatory fine. State v. Gore, 6th Dist. No. L-05-1242,2006-Ohio-5622, ¶ 9. In fact, noting that the statute is clear and unambiguous, the Supreme Court of Ohio has held that "the failure of a party to supply the trial court with an affidavit attesting to his indigency `is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine.'" Id., quoting State v. Gipson, 80 Ohio St.3d 626, 633, 1998-Ohio-659. Even further, some trial courts have found that it is error for a trial court not to impose a fine mandated by law. Id., citing State v. Gray, 11th Dist. No. 20976, 2005-Ohio-6833. *Page 7 
 {¶ 11} Here, Foreman did not file an affidavit of indigence prior to sentencing and all of the fines the trial court imposed on him were mandatory pursuant to R.C. 2929.18(B)(1). Accordingly, Foreman failed to meet the requirements of R.C. 2929.18 to avoid paying the mandatory fine and it is irrelevant whether the trial court considered his ability to pay. See State v. McDowell, 3d Dist. No. 10-06-34, 2007-Ohio-5486, ¶ 10;Gore, supra.
 {¶ 12} Moreover, even had Foreman timely filed an affidavit of indigence, the record reflects that the trial court did consider his present and future ability to pay the fines. This Court has previously found that a "trial court is not required to hold a hearing to determine an offender's present and future ability to pay a financial sanction," and that "[t]here are no express factors a trial court must analyze or any findings it must make in considering an offender's ability to pay."State v. Smith, 3d Dist. No. 2-06-37, 2007-Ohio-3129, ¶ 31, citingState v. Wells, 3d Dist. No. 13-02-17, 2002-Ohio-5318, ¶ 8. "However, there must be some evidence in the record to indicate that the trial court considered an offender's present and future ability to pay." Id., citing State v. Culver, 160 Ohio App.3d 172, 2005-Ohio-1359, ¶ 57; Statev. Robinson, 3d Dist. No. 5-04-12, 2004-Ohio-5346, ¶ 17. Additionally, a reviewing court should "look to the totality of the record to see if the requirement has been satisfied." State v. Ellis, 4th Dist. No. 06CA3071,2007-Ohio-2177, ¶ 32. Finally, although an affidavit of indigence *Page 8 
filed for purposes of appointed counsel is insufficient to demonstrate indigence for purposes of fine avoidance, this Court has previously found that a sentencing court is on notice of a defendant's financial situation via his motions for appointed counsel. State v. Urbina, 3d Dist. No. 4-06-21, 2008-Ohio-1013, ¶ 52; State v. Felder, 3d Dist. No. 9-04-51, 2005-Ohio-546, ¶ 8. Thus, a sentencing court that has considered a motion for appointed counsel is presumed to have considered the defendant's ability to pay when imposing fines. Felder,2005-Ohio-546, ¶ 8.
 {¶ 13} Here, the trial court discussed the mandatory fines it was imposing, inquired into a vehicle purportedly owned by Foreman, and then stated "[a]ll right. Based upon my review then, the aggregate mandatory fine will be $25,000. There are no funds. Are there other funds subject to forfeiture in possession of the State for purposes of evidence?" (May 2007 Plea and Sentencing Hearing Tr., pp. 56-58). We find that these statements indicate that the trial court considered Foreman's present and future ability to pay the fines. Additionally, as Foreman originally filed a motion for appointed counsel and received appointed counsel due to indigence, the trial court is presumed to have considered his ability to pay when imposing the mandatory fine pursuant to Felder.
 {¶ 14} Accordingly, we overrule Foreman's first assignment of error. *Page 9 
 Assignment of Error No. II {¶ 15} In his second assignment of error, Foreman contends that trial counsel was ineffective for failing to file an affidavit of indigence on his behalf prior to sentencing, in violation of his constitutional rights. Specifically, Foreman argues that there is no conceivable reason why trial counsel did not file the affidavit of indigence and that, as a result of this failure, he was deprived of the opportunity to avoid the $25,000 fine.
 {¶ 16} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v. Waddy (1992), 63 Ohio St.3d 424, 433, superseded by constitutional amendment on other grounds as recognized byState v. Smith, 80 Ohio St.3d 89, 103, 1997-Ohio-355.
 {¶ 17} In analyzing an ineffective assistance argument, the court must look to the totality of the circumstances and not isolated instances of an allegedly *Page 10 
deficient performance. State v. Malone (1989), 2d Dist. No. 10564,1989 WL 150798. "Ineffective assistance does not exist merely because counsel failed `to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" Id., quoting Smith v.Murray (1986), 477 U.S. 527.
 {¶ 18} Additionally, trial counsel's failure to file an affidavit of indigence "only establishes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent." Gore, 2006-Ohio-5622, ¶ 14. See, also,State v. Powell (1992), 78 Ohio App.3d 784. This Court has also determined that "[t]here is a difference between a finding of indigency for purposes of receiving appointed legal counsel and the finding of indigency to avoid having to pay a mandatory fine" and that "an affidavit of indigency filed for purposes of appointed counsel is not sufficient to demonstrate indigency for purposes of mandatory fines."Urbina, 2008-Ohio-1013, ¶ 52, citing State v. Powell (1992),78 Ohio App.3d 784, 789; State v. Gibson, 4th Dist. No. 03CA1, 2003-Ohio-4910, ¶¶ 21-27.
 {¶ 19} Finally, in considering whether a "reasonable probability" exists that a trial court would have found a defendant indigent to avoid having to pay a mandatory fine, courts have "considered factors such as age, criminal record, employment history, ability to post bond, ability to retain counsel for trial, and the *Page 11 
untimely affidavit of indigency[.] * * *" State v. Howard, 2d Dist. No. 21678, 2007-Ohio-3582, ¶ 16.
 {¶ 20} Information regarding a defendant's financial status is generally outside of the record on appeal. Accordingly, the appropriate vehicle for pursuing this issue is a petition for post-conviction relief pursuant to R.C. 2953.21. State v. Frazier, 3d Dist. No. 5-04-57,2005-Ohio-3515, ¶ 10, reversed on other grounds by In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, citingState v. Gilmer, 6th Dist. No. OT-01-015, 2002-Ohio-2045. Moreover, we note that the record reflects that, although Foreman initially obtained court-appointed counsel due to indigence and obtained court-appointed counsel for purposes of appeal, he had retained private counsel at the time of sentencing.
 {¶ 21} Accordingly, we overrule Foreman's second assignment of error.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. r *Page 1