[Cite as *Stanley v. Gore*, 2016-Ohio-3233.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Pamela Stanley,                 :

       Plaintiff-Appellee,       :

v.                          :

Leonard P. Gore, II,         :

       Defendant-Appellant.   :

No. 15AP-722
(M.C. No. 2015 CVG 3813)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on May 31, 2016

**On brief:** *David K. Lowe*, for appellee.

**On brief:** *Mark S. Gutentag*, for appellant.

APPEAL from the Franklin County Municipal Court

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Leonard P. Gore, II, appeals the June 29, 2015 decision and judgment entry of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Pamela Stanley. For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This matter concerns a lease agreement between appellee and appellant, the lessor and lessee, respectively, for a property on Mound Street located in Columbus, Ohio. The agreement provided that the term of the lease would be two years commencing on May 6, 2014. The agreement required a monthly rental payment of $2,400. Appellant was responsible for all gas, electric, sewer, water, light, heat, power, telephone, and other services on the leased property. Appellant was also required to "keep and maintain and

make all necessary repairs and replacements to the leased property and to the pipes, heating system, plumbing system, window glass, fixtures, and all other appliances and appurtenances belonging thereto," in addition to other portions of the property listed by the agreement. (Motion for Summary Judgment, exhibit B at 4.) The agreement reflected that it was signed by the parties on May 6, 2014.

{¶ 3} On February 2, 2015, appellee filed a complaint in the trial court asserting a claim for the eviction of appellant from appellee's property. Appellee also asserted a claim for damages, alleging that appellant owed rent in the amount of $3,800, late charges in the amount of $1,400, damages to the property in the amount of $5,500, and unspecified damages for payment of utilities. On February 23, 2015, appellee dismissed her claim for eviction, but continued to assert her claim for unpaid rent, damages to the property, and utilities. On February 27, 2015, appellant filed a document asserting that appellee illegally evicted him from the property, admitting that he owed $3,800 in rent, and denying any damages to the property.

{¶ 4} On May 15, 2015, appellee filed a motion for summary judgment. In the memorandum in support of her motion, appellee asserted that her damages exceeded the $15,000 jurisdictional limit of the court, but waived any claim for damages above that amount. On May 29, 2015, appellant filed a document responding to appellee's motion for summary judgment. On June 4, 2015, appellee filed a reply. On June 29, 2015, the trial court granted appellee's motion for summary judgment.

## II. Assignment of Error

{¶ 5} Appellant appeals and assigns the following single assignment of error for our review:

> THE TRIAL COURT ERRED IN GRANTING PLAINTIFF/-
> APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

## III. Discussion

{¶ 6} In his sole assignment of error, appellant asserts that the trial court erred in granting appellee's motion for summary judgment because (1) the trial court failed to consider appellant's memorandum contra the motion for summary judgment, and (2) appellee breached the lease agreement by failing to arbitrate the dispute as required under the terms of the agreement.

{¶ 7} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 8} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the non-moving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 9} In this case, the trial court granted summary judgment in favor of appellee on her claim for breach of the lease agreement. Specifically, appellee asserted that appellant owed her $12,400 in unpaid rent pursuant to the parties' lease agreement, damages to the property in an amount exceeding $5,000, and $553 in utility charges. We, therefore, begin by examining whether appellee, as the moving party, met her burden of identifying those portions of the record demonstrating the absence of a genuine issue of material fact.

{¶ 10} In support of her motion for summary judgment, appellee submitted her own affidavit, a copy of the lease agreement, copies of water utility bills, the affidavit of Mark Walters, pictures of damages to the property, and a copy of a bill for HVAC equipment. In her affidavit, appellee stated that the lease agreement attached to the motion for summary judgment was a true and accurate copy of the agreement between

her and appellant. Appellee stated that appellant "stopped paying rent beginning with the December 2014 rent payment." (Appellee's Affidavit at ¶ 4.) Both appellee's and appellant's signatures are reflected on the lease agreement. Based on our review of the record, we find that appellee, with reference to materials of the kind contemplated by Civ.R. 56(E), met her initial burden of identifying those portions of the record demonstrating an absence of a genuine issue of material fact.

{¶ 11} Next, we consider whether appellant's response, by affidavit or as otherwise provided by Civ.R. 56, sets forth specific facts demonstrating a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. We begin by noting that, contrary to the statement of the trial court in its June 29, 2015 decision and judgment entry, appellant did file a response to appellee's motion for summary judgment. Although it was not labeled as such, appellee does not contest that appellant's filing on May 29, 2015 was a memorandum contra. However, appellant failed to file an affidavit or other evidentiary materials as contemplated by Civ.R. 56 in support of his response. Therefore, on independent review of the record, we find that appellant failed to set forth specific facts demonstrating a genuine issue of material fact. As a result, any error resulting from the trial court's failure to consider appellant's memorandum contra was harmless.

{¶ 12} Finally, appellant contends that the trial court erred by granting summary judgment because the lease agreement contained a mandatory arbitration clause. However, appellant failed to raise such argument before the trial court either in his answer to the complaint or in response to the motion for summary judgment. Therefore, we decline to consider appellant's argument for the first time on appeal. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 21, citing *Hamilton v. Dayton Corr. Inst.*, 10th Dist. No. 06AP-469, 2007-Ohio-13, ¶ 8; *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist. No. 14AP-133, 2015-Ohio-85, ¶ 22, citing *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993); *Ahmed v. Wise*, 10th Dist. No. 12AP-613, 2013-Ohio-2211, ¶ 28, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 112.

{¶ 13} Accordingly, appellant's sole assignment of error is overruled.

## IV. Conclusion

{¶ 14} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____