OPINION
{¶ 1} Defendant, Bryant W. Keeble, appeals from an order ofthe court of common pleas terminating his community controlstatus and imposing a term of incarceration.
 {¶ 2} On October 13, 1999, Keeble was sentenced to four yearsof community control upon his convictions for passing bad checks.One of the several sanctions imposed was that Keeble obey allFederal, state, and local laws. He was told that any violationwould permit the court to impose a prison sentence of up toforty-four months.
 {¶ 3} In October of 2000, Keeble was convicted in FederalDistrict Court for bank robbery and was ordered incarcerated inFederal prison. On March 25, 2002, Keeble filed a motion in thecourt of common pleas acknowledging his violation of thecommunity control sanction the court had imposed. He also askedthe court to allow him to serve the resulting prison term in theFederal facility where he was incarcerated. No action was takenon the request, possibly because Keeble had failed to serve acopy of his motion on the county prosecutor.
 {¶ 4} On September 24, 2003, one and one-half years after hefiled his prior motion, Keeble filed a motion asking the court todismiss his alleged community control violation.
 {¶ 5} Keeble argued that dismissal was required by R.C.2963.30, which codifies Ohio's subscription to the InterstateAgreement on Detainers ("IAD"), because the court had not actedwithin one hundred and eighty days after his March 25, 2002acknowledgment and request. Keeble also argued a violation of hisspeedy trial rights and several other, related contentions.
 {¶ 6} The common pleas court held a hearing on Keeble's motionon the day it was filed. The court found that he had violated hiscommunity control sanction and imposed a nineteen month term ofincarceration. The net effect of the court's order is that Keeblemust serve an additional twelve months of incarceration after hisrelease from Federal prison.
 {¶ 7} Keeble, represented by counsel, filed a timely notice ofappeal. His brief on appeal violates the requirements of App.R.19(A), which requires the text to be double spaced. Counsel isadmonished to observe the requirement in the future.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "It is an error for the court to fail to refuse todismiss a complaint for violation of probation when the defendanthas substantially complied with the mandates of Ohio Revised CodeSection 2963.30 Article III(a) and when the state has failed toact for five hundred and forty nine (549) days and continues tofail to act throughout defendant's motion for termination ofprobation."
 {¶ 9} The IAD is a compact among 48 states, the District ofColumbia, Puerto Rico and the United States. Ohio adopted the IADin 1969 and codified it at R.C. 2963.30. Article III, Subsection(a) of the IAD sets out a procedure whereby a prisoner in a partystate may demand trial within 180 days of any "untriedindictment, information, or complaint" which serves as the basisfor a detainer filed against him by another party state. Uponreceiving notice of a detainer, the prisoner may request finaldisposition of the case by notifying the warden of theinstitution in which he is held and the prosecuting agency in thecharging state of the untried indictment. If the prosecutingagency fails to bring the untried indictment to trial within 180days, the court must dismiss the charges and the detainer ceasesto have any effect.
 {¶ 10} It is unclear whether Keeble's March 25, 2002application, by its terms, triggers the requirements of R.C.2963.30. Even if it did, Keeble's failure to serve notice on thecounty prosecutor is probably fatal. A more fundamental issueexists, however: whether a proceeding to terminate communitycontrol is subject to the requirements of R.C. 2963.30.
 {¶ 11} The issue presented was addressed in Carchman v. Nash(1985), 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516. Nash was onprobation for a New Jersey conviction. New Jersey is a party tothe IAD. Pennsylvania, also a party to the IAD, convicted him ofa second crime some time later. The New Jersey court filed adetainer for probation violation with the appropriatePennsylvania corrections officials. Upon receiving notice of thedetainer, Nash sent a series of pro se letters to New Jerseyofficials invoking Article III of the IAD and seeking finaldisposition of the probation violation charge within 180 days.New Jersey failed to act within the 180-day window and Nash movedto have the charge dismissed. The New Jersey court denied Nash'smotion and sentenced him to 36 months of incarceration.
 {¶ 12} The Supreme Court examined the text of Article III andfound that the term "untried," when combined with "indictment,information or complaint," refers to criminal charges pendingagainst the prisoner. Id. at 724-725. The Court held that "[a]probation violation charge . . . does not accuse an individualwith having committed a criminal offense in the sense ofinitiating a prosecution . . . [and] does not come within theterms of Art[icle] III." Id. at 725.
 {¶ 13} As in Nash, Defendant Keeble sent a pro se motion tothe court of common pleas invoking the IAD. Contrary toDefendant's assertion, it is irrelevant whether this amounts toan effort to substantially comply with the IAD. A communitycontrol violation allegation lodged in the jurisdiction of aparty to the IAD, like the probation violation in Nash, doesnot equate to a pending criminal charge. Therefore, it does notconstitute an untried indictment that triggers the requirementsof the IAD set out in R.C. 2963.20. The trial court did not errwhen it denied Keeble's motion to dismiss for failure to complywith the time requirements of that section.
 {¶ 14} The Defendant's First Assignment of Error isoverruled.
 SECOND ASSIGNMENT OF ERROR {¶ 15} "The court erred in failing to dismiss the complaintfor probation violation and revocation filed by the greene countyprobation department against defendant and failing to terminateprobation to when (sic) there were continuos unexplained andunreasonable delays by the state in bringing a detained he (sic)before the court to constitute violation of due process mandatingdismissal of pending unresolved revocation of probationproceedings."
 {¶ 16} Defendant makes several arguments concerning his rightto a speedy trial. As a general rule the right to a speedy trialapplies to the trial of pending criminal charges, notsentencing.
 {¶ 17} Defendant first argues that the two-year gap betweenhis guilty plea in 1997 and his sentencing in 1999 violatesSup.R. 39(B)(4)'s requirement to hold sentencing within 15 daysof a finding of guilty. However, unlike other rules promulgatedby the Ohio Supreme Court under Section 5(B), Article IV, OhioConstitution, the Rules of Superintendence are promulgated underSection 5(A)(1) and do not supercede conflicting statutes. Seee.g. State v. Smith (1976), 47 Ohio App.2d 317. The statutoryscheme for imposing sentence for violating community controlconditions is established in R.C. 2951.07.13 Defendant'scommunity control was properly revoked under that section, whichtrumps any contrary provision of the Rule of Superintendence.
 {¶ 18} Defendant next argues that his statutory right to aspeedy trial codified in R.C. 2945.71 was violated by thetwo-year gap between his guilty plea in 1997 and sentencing in1999. R.C. 2945.71(C)(2) guarantees a trial within 270 days afterarrest on a felony charge. Sentencing is not a trial on a pendingcriminal charge, however. The Defendant's "trial" ended when hepled guilty to all four counts of passing bad checks on September29, 1997, just over three months after his indictment and wellwithin the limits established by R.C. 2945.71(C)(2). Defendant'ssecond argument fails.
 {¶ 19} Finally, Defendant argues that the several delays inthis case violated his right under Crim.R. 32(A) to have hissentence imposed without "unnecessary delay." The sentence thatDefendant appeals was initiated by the motion he filed onSeptember 24, 2003. The court entered judgment denying the motionand imposing sentence for violation of community control the sameday. A judgment entered the same day a motion was filed can notbe considered delayed unnecessarily and Defendant's thirdargument fails.
 {¶ 20} The Second Assignment of Error is overruled. Thejudgment of the trial court will be affirmed.
 Brogan, J. and Young, J., concur.