OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Dujuan Adams, appeals the decision of the Mahoning County Court of Common Pleas that sentenced him to maximum, consecutive sentences after the case was remanded to the trial court for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. Adams contends that sentencing him under Foster violates due process and the prohibition against ex post facto laws. We recently rejected this same argument in State v.Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572, and stand by that decision today. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} On August 28, 2000, Adams was sentenced by the Mahoning County Court of Common Pleas for two counts of attempted murder and two firearm specifications. His convictions stemmed from a drug deal that occurred on the evening of January 8, 2000. According to the victims, Adams was trying to buy marijuana, but was short forty dollars. With the drugs in his possession, he had his dealer, Kendall Lovejoy, and an acquaintance, Greg Brown, drive him to his grandmother's house. Once they arrived, Adams shot Brown in the eye. Lovejoy tried to wrestle the gun from Adams and flee, but Adams shot him in the hand and foot.
 {¶ 3} Adams appealed that decision to this court. We originally dismissed that appeal for failure to prosecute, but later granted Appellant's delayed application to reopen his appeal. In a decision styled, State v. Adams, 7th Dist. No. 00 CA 211, 2006-Ohio-1761, at ¶ 67, we affirmed Adams's convictions, but concluded that "the trial court erred in imposing two gun specification prison terms." We then vacated Adams's sentence and remanded the case for a new sentencing hearing pursuant to Foster. Id. at ¶ 75. Adams appealed this decision to the Ohio Supreme Court, but that court declined jurisdiction on August 2, 2006.
 {¶ 4} The trial court resentenced Adams on October 20, 2006. At that sentencing hearing, the trial court sentenced Adams to the maximum of ten years imprisonment on each count of attempted murder and one three-year firearm specification. It ordered that *Page 2 
each of these terms of imprisonment be served consecutively, for a total of twenty-three years in prison.
 {¶ 5} In this appeal, Adams argues the following assignment of error:
 {¶ 6} "The trial court erred by sentencing Mr. Adams to prison based on facts not found by a jury or admitted by Mr. Adams."
 {¶ 7} Adams argues that the sentence imposed upon him by the trial court violates both due process and the prohibition against ex post facto laws. According to Adams, the Ohio Supreme Court's decision inFoster means that he is now open to greater punishment than he was before that decision.
 {¶ 8} We recently released an opinion addressing an identical due process and ex post facto argument. In State v. Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572, we specifically concluded that resentencing underFoster "does not violate appellant's due process rights or the ex post facto clause." Id. at ¶ 76. We noted many reasons for this conclusion, including the fact that the Ohio Supreme Court mandated this result and that Foster affects the punishment imposed on an offender, not the crime he committed. Id. at ¶ 61-73. Adams is now making the same arguments we rejected in Palmer. We see no reason to revisit the issues we decided in that case.
 {¶ 9} The trial court did not violate Adams' rights under the Due Process and Ex Post Facto Clauses when resentencing Adams pursuant toFoster. Accordingly, Adams' sole assignment of error is meritless and the judgment of the trial court is affirmed.
 Vukovich, J., concurs, Waite, J., concurs. *Page 1