[Cite as *State v. Adams*, 2011-Ohio-6428.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 65 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DUJUAN ADAMS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                             Court, Case No. 00 CR 102.

JUDGMENT:                    Affirmed in Part; Reversed in Part;
                             And Remanded

.
APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul J. Gains
                             Prosecuting Attorney
                             Attorney Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 W. Boardman St., 6th Floor
                             Youngstown, OH  44503

For Defendant-Appellant:      DuJuan Adams, Pro-se
                             #395-395
                             Trumbull Correctional Institution
                             5701 Burnett Road
                             P.O. Box 901
                             Leavittsburgh, OH  44430


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                             Dated:  December 8, 2011

DeGenaro, J.

{¶1} Pro-se Defendant-Appellant, DuJuan Adams, appeals the March 31, 2011 judgment of the Mahoning County Court of Common Pleas overruling his Pro-se "Motion for Sentencing." On appeal, Adams contends that the court erred by overruling his motion because his sentencing entry fails to comport with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and because it failed to properly impose post-release control.

{¶2} Upon review, Adams' arguments are meritorious in part. Adams is entitled to a sentencing entry that comports with *Baker* and to a resentencing hearing and revised sentencing entry to correct his post-release control status pursuant to R.C. 2929.191(C), both of which apply retroactively to Adams' 2000 conviction and 2006 *Foster* resentencing. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings.

### Facts and Procedural History

{¶3} On August 28, 2000, Adams was convicted of two counts of attempted murder (R.C. 2923.02(A)(E) and 2903.02(A)(D)), first-degree felonies, both with R.C. 2941.145(A) firearm specifications, following a jury trial in the Mahoning County Court of Common Pleas. Adams filed a timely direct appeal with this court, which was dismissed for failure to prosecute. This court granted Appellant's delayed application for reopening his appeal on April 22, 2005, and ultimately affirmed his convictions but vacated his sentence pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. See *State v. Adams*, 7th Dist. No. 00 CA 211, 2006-Ohio-1761. On October 20, 2006, pursuant to the *Foster* remand, the trial court resentenced Adams, and this court affirmed on appeal. *State v. Adams*, 7th Dist. No. 06 MA 179, 2007-Ohio-5352.

{¶4} On March 28, 2011, Adams filed a pro-se "Motion for Sentencing," in the trial court. Therein he contended that his sentence must be declared void and that the trial court must conduct a de novo sentencing hearing because his October 2006 sentencing entry failed to state the method by which he was convicted, pursuant to Crim.R. 32, and was silent as to post-release control. After the State responded, the trial court overruled Adams' motion on April 1, 2011 and Adams appealed. This court

overruled Adams' motion for appointment of counsel since this is a post-conviction appeal from the denial of a resentencing motion.

**Deficiency in Sentencing Entry pursuant to *State v. Baker***

{¶5} In his first of two assignments of error, Adams asserts:

{¶6} "The trial court erred when it did not grant a new sentencing hearing pursuant to State v. Baker, as the journal entry did not contain a METHOD OF CONVICTION."

{¶7} Adams seeks to compel the trial court to hold a new sentencing hearing because his October 26, 2006 sentencing entry does not state the method of conviction pursuant to Crim.R. 32(C), as explained by the Ohio Supreme Court in *Baker*. "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.32(C), explained.)" Id. at syllabus.

{¶8} Adams' sentencing entry does not specify the manner of his conviction, i.e., following a jury verdict. Instead it states, in pertinent part: "The Court finds that the defendant *has been convicted of* Two Counts of Attempted Murder, violations of Ohio Revised Code 2923.02(A)(E) and 2903.02(A)(D), Felonies of the First Degree, both with a firearm specification in violation of R.C. 2941.145(A)." (Id., emphasis added.)

{¶9} Adams asserts that the remedy for this error is a de novo sentencing hearing. However, as the State correctly points out, the Ohio Supreme Court has recently clarified that where a defendant's sentencing entry does not comply with Crim.R. 32(C), the proper remedy is to issue a nunc pro tunc sentencing entry that does comply with the rule. *State ex rel. DeWine*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, at ¶18. "[I]f a judgment entry of conviction does not indicate how a defendant's conviction was effected, whether it was by a guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial, and if it is not corrected by the court sua sponte, as was done in this case, a party may obtain a correction to the judgment entry by a motion filed with the

trial court to correct the judgment of conviction." *State v. Lester*, Slip Opinion No. 2011-Ohio-5204, at ¶16.

**{¶10}** Accordingly, Adams' first assignment of error is meritorious in part. While Adams is not entitled to a new sentencing hearing on these grounds, he is entitled to a corrected sentencing entry that comports with *Baker*.

### Sentencing Entry Devoid of Statement regarding Post-Release Control

**{¶11}** In his second and final assignment of error, Adams asserts:

**{¶12}** "The trial court erred by overruling controlling law. see: State v. Bezak, 114 Ohio St.3d 94; State v. Jordan, 104 Ohio St.3d 21; State v. Simpkins, 117 Ohio St.3d 420."

**{¶13}** Adams argues that the trial court erred in overruling his resentencing motion because his sentencing entry did not include his applicable term of post-release control. The State concedes the error.

**{¶14}** R.C. 2967.28(B) requires that a sentencing court imposing a prison term on first-or second-degree felony offenders and certain other offenders "*shall* include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." (Emphasis added.) Pursuant to R.C. 2967.28(B)(1), first-degree felonies require a five-year mandatory period of post-release control.

**{¶15}** In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court held that for "sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraph two of the syllabus. Further, in *Singleton*, the Court specifically recognized that R.C. 2929.191 does not afford de novo sentencing hearings for defendants sentenced after July 11, 2006, but rather that the resentencing pertains only to the flawed imposition of post-release control. Id. at ¶24.

**{¶16}** Adams was sentenced on October 20, 2006, and subject to the sentence-correction mechanism of R.C. 2929.191. See *Singleton* at ¶27. The fact that his original sentence occurred before July 11, 2006 does not affect the applicability of R.C.

2929.191(C) to this case. See *State v. Craddock*, 8th Dist. No. 94387, 2010-Ohio-5782 (applying R.C. 2929.191(C) where defendant was originally sentenced before July 11, 2006, but resentenced de novo pursuant to a *Foster* remand after that date.)

{¶17} "At any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1).

{¶18} "Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction." R.C. 2929.191(C).

{¶19} Thus, Adams' second assignment of error is meritorious in part. He is entitled to a resentencing hearing regarding the limited issue of post-release control. Further, the trial court must enter a corrected sentencing entry that states Adams' post-release control requirements along with the manner of his conviction pursuant to *Baker*, supra. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings pursuant to R.C. 2929.191(C).

Donofrio, J., concurs.

Vukovich, J., concurs.