[Cite as *State v. Adams*, 2013-Ohio-1433.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 26 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DuJUAN ADAMS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 00 CR 102.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul J. Gains
                                   Prosecuting Attorney
                                   Attorney Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 W. Boardman St., 6th Floor
                                   Youngstown, OH  44503


For Defendant-Appellant:           Attorney Lynn Maro
                                   7081 West Boulevard
                                   Youngstown, OH  44512


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                   Dated: March 25, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, DuJuan Adams, appeals the decision of the Mahoning County Court of Common Pleas, issuing a nunc pro tunc judgment entry to properly impose post-release control following a limited resentencing hearing. On appeal, Adams presents several constitutional challenges to his resentencing pursuant to R.C. 2929.191. He also argues that because the indictment, sentencing entries, and other pleadings were not properly filed, the trial court lacked subject matter jurisdiction and its judgment is void.

{¶2} Adams' arguments are meritless. Adams has not proven beyond a reasonable doubt that R.C. 2929.191 is clearly unconstitutional nor has he shown that the trial court erred in resentencing him pursuant to the statutory sentence-correction mechanism. Moreover, the date-stamp on the pleadings indicates that they were properly filed with the clerk of courts. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} In August 2000, Adams was convicted of two counts of attempted murder (R.C. 2923.02(A)(E) and 2903.02(A)(D)), both first-degree felonies with R.C. 2941.145(A) firearm specifications, following a jury trial in the Mahoning County Court of Common Pleas. Adams filed a timely direct appeal, which was dismissed for failure to prosecute pursuant to App.R. 18(C). On April 22, 2005 Adams' delayed application to reopen his appeal was granted; his convictions were affirmed, but his sentence was vacated and remanded for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *State v. Adams*, 7th Dist. No. 00 CA 211, 2006-Ohio-1761 (*Adams I*). Adams was resentenced on October 20, 2006, which was affirmed in *State v. Adams*, 7th Dist. No. 06 MA 179, 2007-Ohio-5352 *(Adams II)*.

{¶4} On March 28, 2011, Adams filed a pro-se motion in the trial court seeking a de novo sentencing hearing, arguing that his sentence was void because the October 2006 sentencing entry did not comply with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 and did not include his applicable term of post-release control. The trial court overruled this motion and Adams appealed. On appeal, the matter was remanded for a resentencing hearing regarding the limited issue of post-release control pursuant to R.C. 2929.191(C), and for the trial court to enter a corrected

sentencing entry with Adams' post-release control requirements and the manner of his conviction pursuant to *Baker*. *State v. Adams*, 7th Dist. No. 11 MA 65, 2011-Ohio-6428 (*Adams III*).

{¶5}  Upon remand, during a January 26, 2012 resentencing hearing the trial court advised Adams that upon his release from prison, he would be subject to a mandatory term of five years of post-release control, and the consequences of violating post-release control.  Adams raised several issues at the hearing, including that his sentencing entries were not time-stamped.  The trial court declined to address any issues other than as directed by this court.  On January 27, 2012, the trial court issued a nunc pro tunc judgment entry of sentence that specified the manner of Adams' conviction pursuant to *Baker* and included the proper post-release control notification.

### Constitutionality of R.C. 2929.191

{¶6}  Adams asserts four assignments of error on appeal.  As the first three challenge the constitutionality of his resentencing under R.C. 2929.191, they will be addressed together:

{¶7}  "The trial court erred in resentencing Appellant pursuant to the procedures in R.C. § 2929.191 as R.C. §2929.191 is unconstitutional in that it violates the separation of powers and Section 5(B), Article IV of the Ohio Constitution."

{¶8}  "R.C. §2929.191, violates the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Ohio Constitution, Article I, §10, 16."

{¶9}  "The trial court erred in sentencing Appellant under R.C. § 2929.191, in violation of the ex post facto provisions of the Ohio and United States Constitutions."

{¶10}  Adams argues that his resentencing pursuant to R.C. 2929.191 violates: 1) the separation of powers doctrine and Section 5(B), Article IV of the Ohio Constitution; 2) the Double Jeopardy Clause of the United States Constitution and the Due Process Clause of the United States and Ohio Constitutions; and 3) the Ex Post Facto provisions of the United States and Ohio Constitutions.

{¶11}  R.C. 2967.28(B) provides in part that a sentencing court imposing a prison

term on a first-degree felony offender "shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." The trial court must notify the offender regarding post-release control at the sentencing hearing and must include this notification in the sentencing entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio- 6085, 817 N.E.2d 864, paragraph one of the syllabus.

**{¶12}** The Ohio Supreme Court has instructed that when a "judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶26. For "sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus. R.C. 2929.191 does not afford de novo sentencing hearings for defendants sentenced after July 11, 2006; rather, the resentencing pertains only to the flawed imposition of post-release control. *Id.* at ¶24.

**{¶13}** The sentence-correction mechanism of R.C. 2929.191 provides that:

At any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison. * * *

Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of

conviction.

R.C. 2929.191(A)(1), and (C).

{¶14} Statutes enacted in Ohio are presumed to be constitutional unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional. *State v. Williams*, 88 Ohio St.3d 513, 521, 728 N.E.2d 342 (2000).

{¶15} Adams did not specifically challenge the constitutionality of R.C. 2929.191 before the trial court nor did he argue that the statute as applied to his case was unconstitutional. At the January 26, 2012 resentencing hearing, he did allege that:

> [*Adams III*] said I was entitled to a sentencing entry that comports with *Baker* and to a resentencing hearing and to a revised sentencing entry to correct post-release control status pursuant to 2929.191(C), both which apply retroactively to Adams' 2000 and 2006 *Foster* resentencing hearing. Both of them two sentencing entries was void for the PRC and *Baker* and both of them wasn't never timestamped. * * * So both of them was void from the beginning. Like my whole sentence was unconstitutional since 2000. Both of them – that *Foster* law was unconstitutional and the one for 2000.

(Tr. 12-13).

{¶16} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), at syllabus. However, the Ohio Supreme Court has recognized that this waiver doctrine is discretionary. *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), at syllabus. Since Adams has generally challenged the constitutionality of his sentence, we exercise the discretion to address the challenge.

{¶17} First, Adams argues that R.C. 2929.191 violates the separation of powers

doctrine and Section 5(B), Article IV of the Ohio Constitution because the statutory sentence-correction mechanism conflicts with Crim.R. 32 and Sup.R. 7 by permitting resentencing for defendants years after the original conviction. Pursuant to Crim.R. 32, the trial court shall impose a defendant's sentence without unnecessary delay. Crim.R. 32(A). Sup.R. 7(A) provides in part that "[t]he judgment entry specified * * * in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision."

**{¶18}** "Section 5(B), Article IV of the Ohio Constitution vests [the Ohio Supreme Court] with the power to 'prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right' and further provides that '[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.'" *State v. Bloomer*, 122 Ohio St. 3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶42.

**{¶19}** As to the statute's alleged conflict with Sup.R. 7, the Rules of Superintendence are promulgated under Section 5(A)(1), Article IV of the Ohio Constitution, not Section 5(B), and they do not override conflicting statutes. *State v. Keeble*, 2d No. 03CA84, 2004-Ohio-3785, ¶17. Thus, any alleged conflict between Sup.R. 7 and R.C. 2929.191 would not render the statute unconstitutional pursuant to Section 5(B), Article IV.

**{¶20}** As to Crim.R. 32, Ohio courts have held that the mandate in Crim.R. 32(A) that sentencing courts impose sentences "without unnecessary delay" does not apply to resentencing to correct a post-release control error. *See, e.g., State v. Wrenn*, 9th Dist. No. 25616, 2011-Ohio-5640, ¶8; *State v. Lintz*, 11th Dist. No. 2010-L-067, 2011-Ohio-6511, ¶28; *State v. Craddock*, 8th Dist. No. 94387, 2010-Ohio-5782, ¶12-13. Accordingly, R.C. 2929.191 does not conflict with Crim.R. 32(A), and Adams' separation of powers argument is meritless.

**{¶21}** Next, Adams contends that his resentencing under R.C. 2929.191 violated due process and the prohibition against double jeopardy and because he had an expectation in the finality of his sentence protected by the Double Jeopardy and Due Process clauses. However, the Ohio Supreme Court has acknowledged that "'there can

be no reasonable, legitimate expectation of finality in [a void sentence].'" *Bloomer* at ¶28, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶36. Moreover, *Singleton* specifically addressed this issue in relation to the prospective application of R.C. 2929.191:

> [P]rospective application of R.C. 2929.191 does not implicate double-jeopardy concerns arising from the imposition of multiple punishments for the same offense at successive proceedings. On or after the effective date of R.C. 2929.191, an offender can have no legitimate expectation of finality in a sentence rendered defective by the trial court's failure to properly impose a mandatory term of postrelease control, because an offender is charged with knowledge of the fact that his sentence is legally incomplete and that R.C. 2929.191 provides a statutory mechanism to correct it.

*Id.* at ¶ 33.

{¶22} Accordingly, because the part of Adams' sentence improperly imposing post-release control was void pursuant to *Fischer*, he did not have a legitimate expectation of finality in his sentence and thus, his resentencing did not violate the Due Process or Double Jeopardy clauses.

{¶23} Finally, Adams contends that when the trial court resentenced him, it applied R.C. 2929.191 in an unconstitutionally retroactive manner as the statute became effective in 2006 subsequent to Adams' original sentencing in 2000.

{¶24} However, in *Adams III* this court determined that R.C. 2929.191 applied to his case because he received a de novo resentencing under *Foster* in 2006 after the effective date of R.C. 2929.191:

> Adams was sentenced on October 20, 2006, and subject to the sentence-correction mechanism of R.C. 2929.191. See *Singleton* at ¶ 27. The fact that his original sentence occurred before July 11, 2006 does not affect the applicability of R.C. 2929.191(C) to this case. See *State v. Craddock*, 8th

Dist. No. 94387, 2010–Ohio–5782 (applying R.C. 2929.191(C) where defendant was originally sentenced before July 11, 2006, but resentenced de novo pursuant to a *Foster* remand after that date.)

*Adams III*, 2011-Ohio-6428, at ¶16.

**{¶25}** Thus, the trial court's application of R.C. 2929.191 did not violate the Ex Post Facto Clause because the statutory sentence-correction mechanism was in effect at the time the trial court conducted the de novo resentencing pursuant to a *Foster* remand. *See also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶69.

**{¶26}** Thus, the trial court's resentencing of Adams pursuant to R.C. 2929.191 was not unconstitutional. Accordingly, his first three assignments of error are meritless.

### Subject Matter Jurisdiction of Trial Court

**{¶27}** In his fourth assignment of error, Adams argues:

**{¶28}** "The trial court was without subject matter jurisdiction over Appellant because the indictment and subsequent pleadings, including the sentencing entries, were not properly filed."

**{¶29}** Adams argues that because the pleadings in this matter were not properly filed with the clerk of courts, the trial court lacked subject matter jurisdiction and thus, its judgment is void ab initio. A review of the record reveals that the indictment, sentencing entries, and other pleadings were date-stamped by the Mahoning County Clerk of Courts, but these pleadings do not indicate the time of filing.

**{¶30}** Two statutes denote the information the common pleas court clerk indorses on filings with that office; R.C. 2303.08 provides that the time of filing shall be noted, whereas the date of filing shall be noted pursuant to R.C. 2303.10.

**{¶31}** The Ohio Supreme Court has explained that the filing of the complaint invokes the jurisdiction of the trial court, but that a pleading is "filed" when it is properly deposited with the clerk of courts. *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶5, 7, *judgment vacated in part on reconsideration on other grounds*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260. Once a pleading is

filed, then the clerk's duty is to certify the act of filing. *Id.* at ¶7. A clerk's failure to file-stamp a document does not create a jurisdictional defect, and when a pleading lacks an endorsement from the clerk, filing may be proven by other means. *Id.* at ¶8, 10. In *Rouse,* the Court concluded that there was sufficient evidence, such as the electronic docket sheet and an affidavit from the clerk of courts, to show that the complaint was filed with the clerk even though it lacked a time or date stamp. *Id.* at ¶10-11.

**{¶32}** Here, the indictment, sentencing entries, and other pleadings contain a date-stamp by the Mahoning County Clerk of Courts. Based on the reasoning in *Rouse*, it appears that this certification demonstrates that these documents were filed with the clerk, regardless of the fact that they do not contain a time-stamp. Thus, the trial court had subject matter jurisdiction over the case, and Adams' fourth assignment of error is meritless.

## Conclusion

**{¶33}** In sum, Adams' assignments of error are meritless. Adams has not proven beyond a reasonable doubt that R.C. 2929.191 is clearly unconstitutional nor has he shown that the trial court erred in resentencing him pursuant to the statutory sentence-correction mechanism. Moreover, the date-stamp on the pleadings indicate that they were properly filed with the clerk of courts. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.