[Cite as *State v. Adams*, 2014-Ohio-649.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 111 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DuJUAN L. ADAMS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 00 CR 102

JUDGMENT:                             Affirmed.

APPEARANCES:

For Plaintiff-Appellee:              Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:          DuJuan L. Adams, Pro se, #395-935
Marion Correctional Institution
P. O. Box 57
940 Marion-Williamsport Road
Marion, Ohio 43302

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  February 21, 2014

WAITE, J.

{¶1} This matter involves Appellant DuJuan Adam's sixth appeal from the Mahoning County Common Pleas Court's decision denying his *pro se* "Motion for Issuance of 'Revised' Judgment Entry of Conviction and Sentence; and Motion for Assessment of Subject Matter Jurisdiction." Appellant alleges that there are defects in the *nunc pro tunc* entry correcting omissions in his 2006 resentencing entry. The *nunc pro tunc* entry was not a final appealable order, but is not defective for that reason, as it relates back to the 2006 re-entry of sentence which was a final appealable order. The validity of those entries, and the fact that they were properly filed, journalized, and appear in the record have already been decided. Appellant's appeal is moot. His assignments of error are overruled, and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} The factual history of this case with regard to Appellant's original August of 2000 conviction for the assault and shooting of two men was fully set forth in our prior decision, *State v. Adams*, 2006-Ohio-1761 (7th Dist.), and is not directly relevant here.

{¶3} Appellant initially filed a timely appeal of his 2000 conviction, which was subsequently dismissed for lack of prosecution. We granted Appellant's 2005 motion to file a delayed appeal. Appellant raised four assignments of error in that appeal, which were overruled in part and sustained in part. Although we affirmed Appellant's convictions, we agreed with his challenge of the imposition of multiple prison terms and the apparent judicial fact-finding underlying his sentence. We vacated the

sentence and remanded the matter for resentencing in compliance with *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856. Appellant appealed this decision to the Ohio Supreme Court, which declined jurisdiction.

{¶4} On remand from our decision, the trial court resentenced Appellant to maximum consecutive terms with a single firearms specification. Appellant filed a timely appeal of this new sentence, again citing *Foster*. *State v. Adams*, 2007-Ohio-5352. We overruled Appellant's single assignment of error.

{¶5} In 2011, the trial court denied Appellant's *pro se* motion seeking a new sentencing hearing. Appellant appealed that decision. On review, we found that Appellant was entitled only to a *nunc pro tunc* entry containing his method of conviction and a hearing pursuant to R.C. 2929.191 on the limited issue of the imposition of postrelease control and remanded. *State v. Adams*, 7th Dist. No. 11 MA 65, 2011-Ohio-6128.

{¶6} Appellant had his limited resentencing hearing on January 26, 2012. During this hearing Appellant raised several issues, including the allegation that his sentencing entries were invalid because they were not time-stamped. The trial court declined to address any issue other than the postrelease control sanctions as directed on remand. After hearing, the trial court issued a *nunc pro tunc* entry in conformance with our instructions on remand. Appellant filed an appeal from this *nunc pro tunc* entry.

{¶7} In March of 2013 we addressed his appeal in *State v. Adams*, 7th Dist. No. 12 MA 26, 2013-Ohio-1433. Appellant had raised four assignments of error. In

Appellant's fourth assignment of error, he claimed: "[t]he trial court was without subject matter jurisdiction over Appellant because the indictment and subsequent pleadings, including the sentencing entries, were not properly filed." This assignment addressed the exact same subject matter as he raises in the instant appeal. *Id.* at ¶28.

## ASSIGNMENT OF ERROR NO. 1

Whether compliance with the filing procedures of: O.R.C. § 2303.08; and, O.R.C. § 2303.10 is discretionary, and a clerk of courts' failure to do so implicates a final appealable order as defined in: Crim. R. 32(C); and, State v. Baker, 119 Ohio St.3d 197. see also: State v. Miller, 9th Dist. No. 06CA0046-M, 2007 Ohio 1353 [all errors sic]

## ASSIGNMENT OF ERROR NO. 2

Whether a [date] and [time] received stamp of the Mahoning County Sheriff's Department will suffice in lieu of any compliance (by the clerk of courts) to the mandatory filing procedures of: O.R.C. § 2303.08; and O.R.C. § 2303.10, and constitute 'clerical adherence' to a specific order of the court to endorse a ['**time stamp**'] on such judgment entry. *accord: O.R.C. § 2303.17. [all errors sic]

{¶8} In *State v. Adams*, 2013-Ohio-1433, *supra*, Appellant's fifth appeal, we specifically addressed the filing of the pleadings and sentencing entries in this matter, and found under *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044:

A review of the record reveals that the indictment, sentencing entries, and other pleadings were date-stamped by the Mahoning County Clerk of Courts, but these pleadings do not indicate the time of filing.

Two statutes [designate] the information the common pleas court clerk indorses on filings with that office; R.C. 2303.08 provides that the time of filing shall be noted, whereas the date of filing shall be noted pursuant to R.C. 2303.10.

The Ohio Supreme Court has explained that the filing of the complaint invokes the jurisdiction of the trial court, but that a pleading is 'filed' when it is properly deposited with the clerk of courts. Once a pleading is filed, then the clerk's duty is to certify the act of filing. A clerk's failure to [time]-stamp a document does not create a jurisdictional defect, and when a pleadings lacks an [i]ndorsement from the clerk, filing may be proven by other means. (Citations omitted.)

*Id.* at ¶29-31. Ultimately, we concluded that: "the indictment, sentencing entries, and other pleadings contain a date-stamp by the Mahoning County Clerk of Courts * * * it appears that this certification demonstrates that these documents were filed with the clerk, regardless of the fact that they do not contain a time-stamp. Thus, the trial court had subject matter jurisdiction over the case* * *." *Id.* at ¶32. Once we determined that the entries were properly filed, despite the clerk's omission of the time-stamp, we overruled Appellant's assignment of error and affirmed the trial court's judgment.

**{¶9}** Appellant now argues that because the 2012 *nunc pro tunc* entry in this matter, correcting the earlier entry that omitted mention of the method of conviction and postrelease control information, does not have a time-stamp, it is not a final appealable order and he is being held unlawfully in the absence of a final order.

**{¶10}** "To journalize a decision means that certain formal requirements have been met, *i.e.*, the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." *State v. Ellington*, 36 Ohio App.3d 76, 78 (1987). While we have previously indicated that certain of Appellant's prior sentencing entries were not time-stamped by the clerk of courts, it is abundantly apparent that they were date stamped and journalized upon receipt. Each entry appears in the docket and file of the trial court. Appellant does not dispute that his sentencing entries, including the *nunc pro tunc* entry at issue, appear in the record, are signed by the judge, and set forth in writing the decision of the court. It is equally clear that the clerk of courts' dated stamp appears on each entry, reflecting that all entries were filed with the clerk. Because the original sentencing entry in this matter was journalized and appears in the record, it cannot be void.

**{¶11}** Appellant is correct that the *nunc pro tunc* entry is not a final appealable order. In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Ohio Supreme Court held that a "nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *Id.*

at paragraph two of the syllabus. The fact that the *nunc pro tunc* entry is not itself a final appealable order does not in any way effect the validity of Appellant's sentence and the legality of his incarceration. As stated in R.C. 2929.191:

> The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the judgment of conviction entered on the journal and had notified the offender* * *

R.C. 2929.191, sections (A)(2) and (B)(2).

{¶12} Both elements of Appellant's 2012 *nunc pro tunc* entry correcting omissions in his sentence relate back to the 2006 sentencing entry. The 2012 *nunc pro tunc* entry was not a new final order from which a new appeal could be taken. Appellant offers no authority to show that a trial court's decision to deny the type of motion he filed is a final appealable order, nor does the decision appear to be a final order as defined by R.C. 2505.02(B). Not only does Appellant attempt to appeal the wrong order, we have already resolved all of the issues Appellant now raises in an earlier appeal when we held that Appellant's convictions and sentence are valid and issued by a court with jurisdiction.

{¶13} Where there is no genuine dispute as to the validity of Appellant's sentence because the entry was filed and journalized, the omission of a time-stamp is, at most, a technical defect that does not serve to alter the substance of the order or the jurisdictional basis of Appellant's detention. An omission by a clerk may be

remedied by the clerk without affecting the validity, effect, or jurisdictional basis of Appellant's 2006 sentence. Appellant is mistaken in both the significance of the alleged defect and the nature of his remedy. No right of appeal arises from Appellant's 2012 *nunc pro tunc* entry, but the fact that it is not a final appealable order does not make it defective because the relevant final order in this matter, on this issue, was the 2006 entry of sentence. We have already found this entry valid.

**{¶14}** The principle of "*[r]es judicata* may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). We have already determined in an earlier appeal filed by Appellant that there is no jurisdictional defect in the underlying sentencing entry, the entry is not void and is not voidable due to some alleged defect arising from the possible omission of a time-stamp on the *nunc pro tunc* entry. *Res judicata* applies to bar further appeal on the issues surrounding the validity of Appellant's sentencing entry and the jurisdiction of the trial court.

### Conclusion

**{¶15}** Appellant's appeal from the trial court's decision denying his motion for the issuance of a final appealable order is without merit. The validity of Appellant's 2006 sentencing and 2012 *nunc pro tunc* entry was resolved by us in *State v. Adams*, 7th Dist. No. 12 MA 26, 2013-Ohio-1433. Appellant does not raise any new issues that were not or could not have been addressed in a prior appeal. For this

reason Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.