OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jeffrey C. Gray, filed March 17, 2005. Gray pled guilty to arson, in violation of R.C. 2909.03(A)(2), and possession of marijuana, in violation of R.C. 2925.11(A). The State appeals the trial court's failure to impose a fine of $5,000.00 as part of Gray's sentence for possession of marijuana.
 {¶ 2} The state's sole assignment of error is as follows:
 {¶ 3} "THE SENTENCING JUDGE ERRED BY NOT IMPOSING A MANDATORY FINE UPON APPELLEE JEFFREY GRAY, WHEN SUCH A FINE WAS REQUIRED BY LAW AND GRAY HAD NOT DEMONSTRATED OR EVEN ALLEGED THAT HE WAS INDIGENT AND UNABLE TO PAY SUCH FINE."
 {¶ 4} O.R.C. 2929.18(B)(1) provides that "[f]or a first, second, or third degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." R.C.2929.18(A)(3) authorizes a fine of not more than $10,000.00 for a felony of the third degree, such as the possession of marijuana offense herein.
 {¶ 5} Gray was informed by the trial court at his January 19, 2005 plea hearing that "for a felony of the third degree, the penalty is up to five years in prison and a fine of $10,000.00." Gray was sentenced February 16, 2005, and he did not file an affidavit of indigency. "[T]hat an affidavit of indigency must be `filed' with the court prior to sentencing means that the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, i.e., time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." State v. Gipson,80 Ohio St.3d 626, 632, 687 N.E.2d 750. In the absence of an affidavit and a determination of indigency, the fine imposed by R.C. 2929.18 is mandatory.
 {¶ 6} Where a sentence is defective because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant. "Under a remand for further proceedings, following a reversal of a judgment, it has been consistently held that the cause may be taken up by the court below at the point where the first error was committed, be proceeded with to final judgment, and that the record in the cause is admissible to show the facts already established."Miller v. Miller (1960), 114 Ohio App. 234, 237-238,181 N.E.2d 282 (citing The Commissioners of Montgomery County v. Carey
(1853), 1 Ohio St. 463). The error herein occurred at sentencing, and there is no evidence in the record below of Gray's indigency for purposes of the mandatory fine in R.C. 2929.18. This matter is remanded to the trial court for resentencing consistent with this decision.
Brogan, P.J. and Fain, J., concur.