OPINION
{¶ 1} Gary Deshawn Howard appeals from his conviction and sentence in the Common Pleas Court of Montgomery County on one count of possession of crack cocaine in violation of R.C. 2925.11(A). Following a guilty plea, the trial court sentenced Howard to one year in prison, a six-month suspension of his driver's license, a mandatory fine of $5000.00, *Page 2 
and three years of post-release control after his release from imprisonment, if the parole board determines it is necessary.
 {¶ 2} In support of his appeal, Howard raises the following assignments of error:
 {¶ 3} "I. The trial court erred in imposing a fine on an indigent defendant.
 {¶ 4} "II. Appellant's trial counsel was ineffective as it relates to the filing of an affidavit of indigency prior to sentencing."
 {¶ 5} Upon review of the record, we find that the trial court properly imposed a mandatory fine of $5000.00 on Howard under R.C. 2929.18(B)(1), where the defendant failed to file an affidavit of indigency prior to sentencing. Furthermore, the record does not support Howard's claim of ineffective assistance of counsel, for there is insufficient evidence on which to base a reasonable probability that the trial court would have found the defendant indigent and relieved him of his obligation to pay the mandatory fine had the affidavit of indigency been filed. Accordingly, the judgment of the trial court will be affirmed.
 {¶ 6} The record indicates that Howard was indicted on June 30, 2005, for one count of possession of crack cocaine in an amount which equaled or exceeded five grams but was less than ten grams, in violation of R.C.2925.11(A). Initially, he entered a plea of not guilty. On August 1, 2005, Howard filed a motion to suppress evidence, which the trial court subsequently overruled. Then, on March 28, 2006, Howard entered a plea of guilty pursuant to a plea and sentencing agreement with the state. After granting his motion for a continuance, the trial court held a sentencing hearing on May 3, 2006, at which time Howard was sentenced to one year in prison, a six-month suspension of his driver's license, a mandatory fine of $5000.00, and three years of post-release control at the discretion of the parole board. The trial court filed its termination entry on May 5, 2006. *Page 3 
 {¶ 7} On May 11, 2006, Howard filed an affidavit of indigency with the trial court. The affidavit indicated that the defendant had no monthly income or monthly liabilities, but he was the partial owner of real property, whose estimated value was $5000.00. The following day, Howard filed a motion to amend the court's termination entry, stating that he lacked the means by which to pay the $5000.00 mandatory fine. He also alleged that he had informed his trial counsel "at the time of sentencing" that he was unemployed and unable to pay the imposed fine. (Mem. in Supp. of Mot. for Am. Termination Entry at 2.) The trial court subsequently overruled Howard's motion, citing this court's opinion inState v. Gray, Montgomery App. No. 20976, 2005-Ohio-6833. InGray, we held that an affidavit of indigency must be filed with the clerk of court prior to the trial court's entry reflecting sentencing. Unless the affidavit is timely filed and a determination of indigency is made, the fine imposed by R.C. 2929.18 is mandatory.
 {¶ 8} On July 5, 2006, Howard simultaneously filed a notice of appeal and a motion for a delayed appeal, which this court granted, from the trial court's entry of May 5, 2006.
 I {¶ 9} Howard first contends that the trial court erred in sentencing him to a mandatory fine of $5000.00 without considering his affidavit of indigency. According to Howard, this court should overrule its decision in State v. Gray, supra, and give trial courts the discretion to modify a defendant's sentence where an affidavit of indigency was untimely filed. For the following reasons, we disagree.
 {¶ 10} First, we believe the state is correct in pointing out that Howard's appeal appears to be challenging the trial court's decision overruling his motion to amend the court's *Page 4 
termination entry. The thrust of Howard's argument under this first assignment of error is that trial courts should be allowed to consider a request for modification of a sentence, i.e., a motion to amend a court's termination entry, in the event a defendant files an affidavit of indigency after sentencing occurs. This issue, however, is not properly before us. App.R. 3(D) states, in pertinent part, that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * * ." The purpose of a notice of appeal is to notify the appellees of the appeal and advise them of "`just what appellants * * * [are] undertaking to appeal from.'" State v.Collier, Montgomery App. No. 20131, 2005-Ohio-119, at]}33, quotingParks v. Baltimore Ohio RR. (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674. Consequently, an appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal. Id. (citations omitted). Here, Howard's notice of appeal indicates that he is seeking a review of the trial court's termination entry on May 5, 2006. However, his argument alleges that he informed his trial counsel of his inability to pay the mandatory fine at the time of sentencing, and defense counsel subsequently filed an affidavit of indigency. These facts are outside the appellate record, and, thus, are precluded from the scope of this review.
 {¶ 11} Next, R.C. 2929.18(B)(1) provides that "[f]or a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offenderalleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the *Page 5 
mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." (Emphasis added.)
 {¶ 12} In State v. Gray, supra, this court held that a trial court is within its authority to impose a mandatory fine on a defendant pursuant to R.C. 2929.18(B)(1) where the offender failed to file an affidavit of indigency prior to sentencing. The same rule applies here. Howard's sentence on May 3, 2006, included a mandatory fine of $5000.00. This was journalized in the court's termination entry on May 5, 2006. R.C.2929.18(A)(3) authorizes a financial sanction in an amount not to exceed $10,000.00 for felonies of the third degree. This includes the offense herein — possession of crack cocaine. Having no timely affidavit of indigency before it, the trial court did not err in imposing a mandatory fine of $5000.00, an amount at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense. Thus, Howard's first assignment of error is overruled.
 II {¶ 13} In his second assignment of error, Howard argues that his trial counsel was ineffective in failing to file an affidavit of indigency prior to sentencing or filing of the court's termination entry.
 {¶ 14} Where Howard's argument is founded on facts not before this court by way of his notice of appeal, the state is correct in identifying a petition for post-conviction relief as the appropriate remedy for an ineffective assistance of counsel claim. See State v.Cochran (June 5, 1998), Clark App. No. 97-CA-50, 1998 WL 288942, at *6. Nevertheless, upon reviewing the evidence within the confines of the appellate record, we find that Howard's claim lacks merit. *Page 6 
 {¶ 15} A claim of ineffective assistance of counsel is reviewed under the two-part test provided in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the trial or proceeding would have been different. State v. Sheffield, Montgomery App. No. 20029, 2004-Ohio-3099, at]}5. Moreover, "[t]he failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found Defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed." Id. (citations omitted).
 {¶ 16} The court in Sheffield, supra, considered factors such as age, criminal record, employment history, ability to post bond, ability to retain counsel for trial, and the untimely affidavit of indigency to determine whether the record showed a reasonable probability that the trial court would have found the defendant indigent and waived the mandatory fine. In this case, we find there is insufficient evidence demonstrating a reasonable probability that the trial court would have found Howard indigent and unable to pay the $5000.00 mandatory fine if trial counsel had filed an affidavit of indigency prior to sentencing.
 {¶ 17} The record indicates that Howard told the court at the plea hearing he was thirty-six years old and that he understood the terms of the agreement included the possibility of a mandatory fine up to $10,000, but at least $5000.00. Howard also posted a bond secured by real estate or securities in the amount of $10,000.00 on June 29, 2005, authorizing his release from the Montgomery County jail. He furthermore retained private counsel throughout the proceedings before the trial court, up to and including sentencing. In addition, the affidavit *Page 7 
of indigency filed on May 11, 2006, indicated that Howard was the half-owner of real estate with an estimated value of $5000.00. The affidavit, however, did not indicate any monthly income or monthly expenses.
 {¶ 18} In light of the aforementioned facts, Howard has not demonstrated ineffective assistance of counsel. We do not find that a reasonable probability exists that the trial court would have found the defendant indigent if his trial counsel had filed an affidavit of indigency prior to sentencing. Accordingly, Howard's second assignment of error is overruled.
 {¶ 19} Having found no merit to either of the defendant's assignments of error, the judgment of the trial court is affirmed.
FAIN and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1