[Cite as *State v. Morgan*, 2018-Ohio-3198.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                   :
                                                :
    Plaintiff-Appellee                      :       Appellate Case No. 27774
                                                :
v.                                              :       Trial Court Case No. 2008-CR-4516
                                                :
WILLIAM D. MORGAN                               :       (Criminal Appeal from
                                                :       Common Pleas Court)
    Defendant-Appellant                     :
                                                :

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, P.O. Box 189, Spring Valley, Ohio 45370
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, William D. Morgan, appeals from the judgment of the Montgomery County Court of Common Pleas, which overruled in part and sustained in part multiple pro se motions in which Morgan challenged the validity of the prison sentence he received after he pled guilty to several counts of aggravated robbery, kidnapping, possessing criminal tools, and tampering with evidence. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On June 18, 2010, Morgan entered into a plea agreement and pled guilty to numerous felony offenses, including three counts of aggravated robbery, three counts of kidnapping, three counts of possessing criminal tools, and four counts of tampering with evidence. In exchange for Morgan's guilty plea, the State agreed to dismiss all specifications attached to the charges, which included six firearm specifications and two body armor specifications. The parties also jointly recommended an agreed total sentence of 24 years in prison.[1] After accepting Morgan's guilty plea, on June 22, 2010, the trial court imposed the jointly recommended 24-year prison term.

{¶ 3} In imposing the sentence, the trial court merged the three kidnapping counts

---

[1] The State claims the parties jointly recommended an agreed sentence of 24 years in prison. Morgan also makes comments in his appellate brief indicating that his prison sentence was jointly recommended by the parties. Although the joint recommendation is absent from the partial transcript filed by Morgan, we presume, from the following statement made by the trial court at Morgan's June 22, 2010 sentencing hearing that such a joint recommendation was made and accepted by the trial court at some point during the proceedings: "Mr. Morgan, nothing is changing on your sentence, okay. We had agreed to 24 years, that's staying the way it is." Sentencing Hearing Tr. p. 2.

into the three aggravated robbery counts. At the State's election, the trial court then sentenced Morgan for the aggravated robberies and imposed a mandatory eight-year prison term for each count to be served consecutively. The trial court also imposed 12 months in prison for each of the three counts of possessing criminal tools and five years in prison for each of the four counts of tampering with evidence. The prison terms imposed for possessing criminal tools and tampering with evidence were ordered to run concurrently to each other and concurrently to the prison terms imposed for the aggravated robberies, thus making Morgan's total, aggregate prison term 24 years. The trial court also ordered Morgan to serve his 24-year prison term concurrently with sentences imposed in Richland, Medina, Seneca, Huron, Allen, and Erie Counties. A termination entry reflecting Morgan's sentence was filed on July 1, 2010.

{¶ 4} Morgan never filed a direct appeal from his conviction and sentence. However, on November 29, 2016, over six years after the trial court issued its sentencing decision, Morgan filed a combined pro se "Motion for Sentencing" and "Motion for Issuance of a Final Appealable Order." In the combined motion, Morgan argued that his sentence was void because the July 1, 2010 termination entry: (1) lacked an adjudication of guilt; (2) did not notify him of his appellate rights; (3) did not indicate whether post-release control was mandatory or discretionary; and (4) did not include consecutive-sentence findings required by R.C. 2929.14(C) or the required considerations under R.C. 2929.11 and R.C. 2929.12. Two weeks after filing his combined motion, on December 15, 2016, Morgan filed a second "Motion for Sentencing," wherein Morgan argued he was not sentenced in accordance with the requirements of Crim.R. 32(A) and was entitled to a de novo sentencing hearing.

{¶ 5} Following Morgan's motions, on June 26, 2017, the trial court held a resentencing hearing for purposes of imposing the consecutive-sentencing findings required by R.C. 2929.14(C)(4).   However, at the start of the resentencing hearing the trial court and Morgan's newly-appointed trial counsel were under the mistaken impression that Morgan had filed a direct appeal and that the matter had been remanded for the trial court to make the statutorily required consecutive-sentence findings.   After Morgan's counsel realized the mistake and advised the trial court that the matter was set for a hearing as a result of Morgan's previously filed motions, the trial court apologized to Morgan for the confusion and explained that it agreed with his claim that the trial court had failed to make the statutorily required consecutive-sentence findings during his original sentencing hearing.   Because the trial court believed it had not made necessary consecutive-sentence findings, the trial court advised Morgan that it was going to resentence him for the sole purpose of making those findings.   The trial court also advised Morgan that it would take the other sentencing issues raised in his motions under advisement.

{¶ 6} Throughout the resentencing hearing, Morgan expressed concern with his trial counsel's ability to represent him due to counsel's unfamiliarity with his case.   As a result, Morgan requested a continuance of the resentencing hearing so that counsel could have time to review his case.   The trial court, however, denied Morgan's request for a continuance; the court found a continuance was unwarranted because the court was not imposing a different sentence, but simply making consecutive-sentence findings.   After denying Morgan's request for a continuance, the trial court made the consecutive-sentencing findings on the record and imposed the same agreed 24-year prison term that

the court had originally imposed at Morgan's June 22, 2010 sentencing hearing.

{¶ 7} On July 28, 2017, approximately one month after the trial court resentenced Morgan, the trial court issued a written decision overruling in part and sustaining in part Morgan's pro se motions for sentencing and for the issuance of a final appealable order. In so holding, the trial court found that all the claims raised in Morgan's motions lacked merit, except for the claim that the trial court had failed to make the required consecutive-sentence findings. Two days after this decision, on July 31, 2017, the trial court issued an amended termination entry that included the consecutive-sentence findings it had made at the resentencing hearing.

{¶ 8} Morgan now appeals from the trial court's decision overruling in part and sustaining in part his pro se motions for sentencing and for the issuance of a final appealable order, raising three assignments of error for review.

**First Assignment of Error**

{¶ 9} Morgan's First Assignment of Error is as follows:

THE TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BASED ON AN ADMITTED LACK OF KNOWLEDGE OF THE CASE DETAILS.

{¶ 10} Under his First Assignment of Error, Morgan contends that his trial counsel provided ineffective assistance at his June 26, 2017 resentencing hearing. We disagree.

{¶ 11} As a preliminary matter, we note that "an appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 10. In this case, Morgan's notice of appeal indicates that Morgan has only appealed

from the trial court's July 28, 2017 decision overruling in part and sustaining in part his pro se motions for sentencing and for the issuance of a final appealable order, not the sentence imposed by the trial court at the resentencing hearing. Because Morgan's appeal is from the trial court's judgment on his pro se motions, this court lacks jurisdiction to consider an ineffective assistance claim that arises from Morgan's resentencing.

{¶ 12} Regardless, even if this court had jurisdiction to review Morgan's ineffective assistance claim, we would nevertheless find that the claim lacks merit. In order to succeed on an ineffective assistance claim Morgan must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 13} To establish deficient performance, Morgan must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *Bradley* at 142. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶ 14} To establish prejudice, Morgan must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688; *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley*

at 142, quoting *Strickland* at 694.

{¶ 15} In this case, Morgan claims that his trial counsel's performance at his resentencing hearing was deficient because counsel was unfamiliar with the details of his case. Morgan also claims that his trial counsel was deficient in failing to speak with him prior to the resentencing hearing. However, even if we were to assume this conduct constituted deficient performance by counsel, Morgan has failed to demonstrate any resulting prejudice. Again, as noted above, the failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 16} The record indicates that the trial court made it clear at the resentencing hearing that the sole purpose of resentencing Morgan was to make the statutorily required consecutive-sentencing findings, not to modify the agreed 24-year prison term originally imposed. Morgan does not identify how the outcome of the resentencing hearing would have been different had his trial counsel known more about his case or had counsel spoken with him prior to the resentencing hearing. Upon review, we find it would be pure speculation to conclude that Morgan's sentence would have been any different had counsel acted in accordance with Morgan's expectations. It is well established that mere speculation cannot support either the deficient performance or prejudice requirement of an ineffective-assistance claim. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 119; *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 217. Therefore, because Morgan has failed to establish any prejudice resulting from his counsel's performance at his June 26, 2017 resentencing hearing, Morgan's ineffective assistance claim fails.

**{¶ 17}** Morgan's First Assignment of Error is overruled.

## Second Assignment of Error

**{¶ 18}** Morgan's Second Assignment of Error is as follows:

THE TRIAL COURT IMPROPERLY SENTENCED THE DEFENDANT TO CONSECUTIVE TERMS FOR CLOSELY-ALIGNED CRIMES.

**{¶ 19}** Under his Second Assignment of Error, Morgan generally contends that the trial court erred by imposing consecutive sentences for allied offenses that should have been merged at sentencing. Morgan's claim fails for several reasons.

**{¶ 20}** As we previously noted, Morgan's notice of appeal indicates that his appeal is from the trial court's July 28, 2017 decision sustaining in part and overruling in part his pro se motions for sentencing and for the issuance of a final appealable order. Because Morgan appealed from the trial court's judgment on his post-conviction motions, not the subsequently filed amended termination entry journalizing his resentencing, this court lacks jurisdiction to consider Morgan's Second Assignment of Error. *See Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, at ¶ 10.

**{¶ 21}** Morgan's sentence is also not subject to appellate review pursuant to R.C. 2953.08(D)(1). Pursuant to that statute: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). Therefore, as noted by the Supreme Court of Ohio, "an agreed-upon sentence may not be [appealable] if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3)

the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, citing R.C. 2953.08(D)(1). "If all three conditions are met, the defendant may not appeal the sentence." *Id.*

{¶ 22} "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Id.* at paragraph two of the syllabus. An agreed sentence that involves a discretionary decision to impose consecutive sentences is "authorized by law" and unreviewable on appeal even if the trial court fails to make the consecutive-sentence findings. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 29. In other words, "[i]f a jointly-recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14[(C)](4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *Id.* at ¶ 30.

{¶ 23} In this case, Morgan's sentence was an agreed sentence that was authorized by law[2] and accepted by the trial court. Therefore, not only is Morgan's

---

[2] We note that Morgan was sentenced to five years in prison on each of his third-degree felony tampering with evidence offenses. A year after Morgan was originally sentenced, 2011 Am. Sub. H.B. No 86 ("H.B. 86") amended R.C. 2929.14(A) to reduce the maximum prison term for many third-degree felonies, such as tampering with evidence, from five years to 36 months. "The General Assembly expressly provided in Section 4 of H.B. 86 that the amendments to R.C. 2929.14(A) 'apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.' " *State v. Clay*, 12th Dist. Madison No. CA2011-12-016, 2012-Ohio-5011, ¶ 15. R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed*, shall be imposed according to the statute as amended." (Emphasis added.) In this case, Morgan was resentenced after the effective date of H.B. 86 due to the trial court incorrectly believing that it had to make consecutive-sentence findings for Morgan's agreed sentence. However, because Morgan's agreed

sentence not subject to appellate review, but the trial court's consecutive-sentence findings made at the resentencing hearing were unnecessary. *See State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 7 ("consecutive-sentence findings are unnecessary when a trial court imposes a jointly-recommended sentence").

**{¶ 24}** We also note that at no point during the trial court proceedings did Morgan raise an allied-offense claim. "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error[.]" *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Therefore, Morgan's alleged error "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.* For the following reasons, we find no error, plain or otherwise, with regards to the trial court's allied offense determination.

**{¶ 25}** Ohio's allied offense statute, R.C. 2941.25, provides that:

(A) Where the same conduct by defendant can be construed to constitute

two or more allied offenses of similar import, the indictment or information

---

sentence was originally imposed before the effective date of H.B. 86, and because that sentence was at all times lawful and not subject to vacation, we do not find that the reduced penalty provided in H.B. 86 applies. Therefore, despite the trial court resentencing Morgan after the effective date of H.B. 86, the penalty had already been imposed and did not change as a result of the resentencing. *See State v. Ayers*, 12th Dist. Warren No. CA2011-11-123, 2013-Ohio-2641, ¶ 13-17; *State v. Provens*, 5th Dist. Stark No. 2012CA00151, 2013-Ohio-3225, ¶16-21. *Contrast State v. Nichols*, 2d Dist. Clark No. 2012 CA 38, 2013-Ohio-3285, ¶ 9 (applying the law as amended under H.B. 86 to a defendant's resentencing under circumstances where defendant was resentenced to a different prison term that was not jointly-recommended by the parties). Accordingly, we find, under the circumstances of this case, the five-year prison terms imposed for Morgan's third-degree-felony tampering with evidence offenses were authorized by law.

may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 26} " '[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.' " *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

{¶ 27} As to the question of import and significance, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23. Moreover, in regards to animus, " '[w]here an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, [a] priori, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.' " *State v. Ramey*, 2015-Ohio-5389, 55 N.E.3d 542, ¶ 70 (2d Dist.), quoting *State v. Logan*,

60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979).

{¶ 28} In this case, the record indicates that Morgan's offenses arose from Morgan robbing three separate cash advance stores at gunpoint on August 22, 2008, October 10, 2008, and October 17, 2008. For each of these three dates, Morgan was charged with one count of aggravated robbery, one count of kidnapping, one count of possessing criminal tools, and one count of tampering with evidence. Morgan was also charged with a second count of tampering with evidence for October 17, 2008.

{¶ 29} With the exception of the kidnapping counts, which the trial court merged with the aggravated robbery counts, each type of offense committed by Morgan involved separate conduct and harm. Furthermore, each set of offenses committed on the three dates in question were committed separately and involved separate victims. As for the two counts of tampering with evidence that arose on October 17, 2008, since Morgan failed to provide this court with a transcript of the plea hearing or a complete transcript of the sentencing hearing, we must presume the regularity of the proceedings, meaning that we presume there was evidence of two different acts for those two charges. Accordingly, we find no error, plain or otherwise, with regard to the trial court's decision to merge only the kidnapping offenses.

{¶ 30} We further find that Morgan's allied-offense claim is barred by the doctrine of res judicata. Under the doctrine of res judicata, "any issue that could have been raised on direct appeal," and yet was not, "is not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. "[W]hen a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied,

imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." (Citation omitted.) *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26. "In contrast, when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the judgment of conviction." *Id.* at ¶ 29. "[A] void sentence can be challenged at any time and is not subject to res judicata." *State v. Smith*, 2d Dist. Montgomery No. 27272, 2017-Ohio-4327, ¶ 6, citing *State v. Vanover*, 2d Dist. Clark No. 2014-CA-80, 2015-Ohio-345, ¶ 8.

{¶ 31} As previously noted, the trial court merged Morgan's three kidnapping counts into his three aggravated robbery counts. The trial court thereafter imposed separate sentences for each of the three counts of aggravated robbery, three counts of possessing criminal tools, and four counts of tampering with evidence. There is nothing in the record indicating that the trial court found those counts were allied offenses but failed to merge them for purposes of sentencing. Therefore, because Morgan failed to raise his allied-offense argument in a timely direct appeal, res judicata precludes him from doing so now.

{¶ 32} For all the foregoing reasons, Morgan's Second Assignment of Error is overruled.

**Third Assignment of Error**

{¶ 33} Morgan's Third Assignment of Error is as follows:

THE DEFENDANT-APPELLANT WAS NOT AFFORDED DUE PROCESS

UNDER OHIO CRIMINAL RULE 32.

**{¶ 34}** Under his Third Assignment of Error, Morgan raises several arguments as to why he was not afforded due process during both his original sentencing and resentencing hearings. However, as previously noted, this court only has jurisdiction to review the trial court's July 28, 2017 judgment overruling in part and sustaining in part Morgan's pro se motions for sentencing and for the issuance of a final appealable order, not Morgan's sentence. Regardless of this jurisdictional issue, Morgan's due process arguments lack merit.

**{¶ 35}** Initially, Morgan argues that he was denied due process because there was "confusion in terms of the plea deal that [he] was accepting at his re-sentencing hearing." This argument lacks merit because Morgan never accepted a plea deal at the resentencing hearing. Again, the record indicates that the trial court made it clear that the sole purpose of the resentencing hearing was for the trial court to make the consecutive-sentence findings under R.C. 2929.14(C), which the trial court was not even required to make given that Morgan's sentence was jointly agreed upon by the parties. Simply stated, the resentencing hearing in no way concerned or affected the plea agreement that Morgan entered in 2010, and Morgan's argument to the contrary lacks merit.

**{¶ 36}** Next, Morgan argues that he was denied due process because he was not sentenced "without unnecessary delay" as required by Crim.R. 32(A). Specifically, Morgan claims that his *resentencing* was not conducted without unnecessary delay because there was seven year period of time between his original sentencing and his resentencing. However, the appellate courts of this state have repeatedly held that

Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing hearings. *See, e.g.*, *State v. Frazier*, 8th Dist. Cuyahoga No. 105469, 2017-Ohio-8880, ¶ 5; *State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, ¶ 13; *State v. Smith*, 10th Dist. Franklin No. 13AP-129, 2013-Ohio-4674, ¶ 10; *State v. Adams*, 7th Dist. Mahoning No. 12 MA 26, 2013-Ohio-1433, ¶ 20; *State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 23; *State v. Wrenn*, 9th Dist. Summit No. 25616, 2011-Ohio-5640, ¶ 8. Accordingly, the "unnecessary delay" requirement in Crim.R. 32(A) does not apply here.

{¶ 37} Morgan also claims that when he was originally sentenced, the trial court failed to notify him of his appellate rights as required by Crim.R. 32(B) and his post-release control obligations as required by R.C. 2929.19(B)(2). Morgan, however, only filed a partial transcript of the original sentencing hearing. The partial transcript begins at a point in time when the trial court had already sentenced Morgan, but had yet to have the State elect whether it wanted to have Morgan sentenced for the kidnappings or the aggravated robberies that merged. As a result of Morgan failing to provide this court with a full transcript of the original sentencing hearing, we may presume the regularity of the proceedings, meaning that we presume the trial court correctly informed Morgan regarding his appellate rights and post-release control. *State v. Kidd*, 2d Dist. Champaign No. 2016-CA-21, 2017-Ohio-762, ¶ 9.

{¶ 38} Furthermore, in reviewing the record, we note that both the original termination entry and the amended termination entry filed by the trial court include appropriate post-release control notifications with regards to each of Morgan's numerous offenses. Specifically, the record indicates that the trial court properly imposed a

mandatory five-year term of post-release control for Morgan's first-degree-felony aggravated robbery offenses, as well as a discretionary three-year term of post-release control for Morgan's fifth-degree-felony possessing criminal tools and third-degree felony tampering with evidence offenses.

{¶ 39} "[I]t is well established that when multiple terms of imprisonment are imposed, a [post-release control] notification need specify only the maximum term of post[-]release control to which the defendant will be subjected as a result." (Citation omitted.) *State v. Harwell*, 2d Dist. Montgomery No. 27658, 2018-Ohio-1950, ¶ 27. This is because "the period of post-release control for all of the sentences shall be the period of post-release control that expires last[.]" RC. 2967.28(F)(4)(c). Although it was unnecessary for the trial court to impose separate terms of post-release control for each of Morgan's offenses, there was no prejudice in doing so because the trial court did not order the terms to run consecutively. *See State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199, ¶ 17-21.

{¶ 40} Finally, with regard to the appellate right notifications under Crim.R. 32(B), even if the trial court had failed to provide those notifications at the original sentencing hearing, under the doctrine of res judicata, Morgan's failure to raise the Crim.R. 32(B) claim in a direct appeal precludes him from raising the claim now. As previously noted, "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Because the failure to notify a defendant of his appellate rights does not render a sentence void, the doctrine of res

judicata bars Morgan's Crim.R. 32(B) claim. *See, e.g., State v. Hamilton*, 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, ¶ 18, citing *State v. Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651, ¶ 27.

{¶ 41} For the foregoing reasons, Morgan's Third Assignment of Error is overruled.

## Conclusion

{¶ 42} Having overruled all assignments of error raised by Morgan, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Mark J. Bamberger
Hon. Barbara P. Gorman