[Cite as *State v. Brenson*, 2023-Ohio-1259.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 22 CAA 07 0054 |
| JAMES A. BRENSON, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  08 CR I 04 0207 A


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 18, 2023


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MELISSA SCHIFFEL                      TODD WORKMAN
PROECUTING ATTORNEY                   WORKMAN LAW FIRM
ELIZABETH A. MATUNE                   35 North Sandusky Street
ASSISTANT PROSECUTOR                  Delaware, Ohio  43015
149 North Union Street
Delaware, Ohio  43015

*Wise, J.*

{¶1} Defendant-appellant, James A. Brenson, Jr., appeals his re-sentencing following remand, which took place on June 14, 2022, in the Delaware County Court of Common Pleas.

{¶2} Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶3} For purposes of this appeal, the relevant facts and procedural history are as follows:

{¶4} Appellant James A. Brenson, Jr. was originally indicted for the June 11, 2000, murder of Norman "Duck" Herrell in the Delaware County Common Pleas Case Number 00-CR-I-07-0195 on July 28, 2000. That case was dismissed without prejudice on January 16, 2001, at the request of the prosecution for further investigation.

{¶5} Seven years later, on April 16, 2008, a second indictment was issued, wherein both Brenson and co-defendant William Allen were indicted on two counts of Aggravated Murder, unclassified felonies, in violation of R.C. §2903.01(A) and R.C. §2903.01(B), respectively, one count of Murder, an unclassified felony, in violation of R.C. §2903.02(B), one count of Kidnapping, a felony of the first degree, in violation of R.C. §2905.01(A)(2), one count of Kidnapping, a felony of the first degree, in violation of R.C. §2905.01(A)(3), one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. §2911.01(A)(3), and one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. §2911.01(A)(1).

{¶6} On July 8, 2008, the matter proceeded to a trial by jury. Following the presentation of evidence, the jury found Appellant guilty on all counts.

**{¶7}** On July 31, 2008, the trial court sentenced Appellant as follows: Count One, Aggravated Murder, in violation of R.C. §2903.01(A): life with the possibility of parole after twenty years; Count Two, Aggravated Murder, in violation of R.C. §2903.01(B): life with the possibility of parole after twenty years; Count Three, Murder, in violation of R.C. §2903.02(B): an indefinite term of fifteen years to life; Count Four, Kidnapping, in violation of R.C. §2905.01(A)(2): ten years; Count Five, Kidnapping, in violation of R.C. §2905.01(A)(3): ten years; Count Six, Aggravated Robbery, in violation of R.C. §2911.01(A)(3): ten years; Count Seven, Aggravated Robbery, in violation of R.C. §2911.01(A)(1): ten years.

**{¶8}** The trial court ordered that all of the sentences be served concurrently to one another except for count seven, which was ordered to be served consecutively to all of the other charges, for an aggregate sentence of thirty (30) years to life in prison.

**{¶9}** Appellant Brenson filed a direct appeal to this Court, raising fourteen (14) assignments of error. By Opinion and Entry filed September 28, 2010, this Court affirmed Appellant's convictions but remanded the matter back to the trial court having found "appellant's conviction for aggravated robbery, R.C. 2911.01(A) (1), and for kidnapping R.C. 2905.01(A)(2) should have been merged for sentencing purposes." See *State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2010-Ohio-4645.

**{¶10}** On June 14, 2022, the trial court held a re-sentencing hearing wherein the trial court merged the Aggravated Murder charges and the Murder charges in Counts One, Two, and Three, and the State elected to proceed on Count One, Aggravated Murder, in violation of R.C. §2903.01(A); the two charges of Kidnapping and the two charges of Aggravated Robbery in Counts Four, Five, Six, and Seven were all merged,

and the State elected to proceed on Count Seven, Aggravated Robbery, in violation of R.C. §2911.01(A)(1).

**{¶11}** The trial court then sentenced Appellant as follows: Count One, Aggravated Murder, in violation of R.C. §2903.01(A): life with the possibility of parole after twenty (20) years; Count Seven, Aggravated Robbery, in violation of R.C. §2911.01(A)(1): ten years, to be served consecutively to the sentence imposed on Count One, for an aggregate sentence of thirty (30) years to life in prison.

**{¶12}** Appellant now appeals, raising the follow error for review:

## ASSIGNMENT OF ERROR

**{¶13}** "I. THE TRIAL COURT ERRED WHEN IT CAUSED A 12-YEAR DELAY BETWEEN REMAND AND RE-SENTENCING; A VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL AND A VIOLATION OF DUE PROCESS."

**I.**

**{¶14}** In his sole assignment of error, Appellant argues that his right to a speedy trial was violated by the delay in re-sentencing. We disagree.

**{¶15}** As noted by the Supreme Court of Ohio:

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution also provides an accused "a speedy public trial." *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, * * * 383 N.E.2d 579. Provisions setting forth time limits for bringing an accused to trial are found in R.C. 2945.71 and 2945.73.

Speedy trial provisions are mandatory, and pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D). A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E). * * *

* * * Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system. * * *

*State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 6-8.

{¶16} While the Ohio Supreme Court has not addressed the issue as whether the Sixth Amendment right to Due Process is implicated by a delay in re-resentencing following a remand, bot the Second and Fourth District Courts of Appeal have addressed the issue.

{¶17} In *State v. Simons*, 2d Dist. Champaign No. 2003-CA-29, 2004-Ohio-6061, ¶ 41, this Second District stated the following:

* * * Simons claims the trial court violated his right to a speedy re-sentencing under the Sixth Amendment to the U.S. Constitution. In support, he relies on *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. There the U.S. Supreme Court identified four factors to

consider to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) whether the delay prejudiced the defendant. Although *Barker* involved a speedy trial issue, most courts have presumed the existence of an analogous constitutional right to a speedy re-sentencing and have applied the foregoing factors when reviewing alleged violations of that right. *See, e.g. State v. Corrigan*, Cuyahoga App. No. 83088, 2004-Ohio-4346; *United States v. Thomas* (6th Cir. 1999), 167 F.3d 299, 303-305.

**{¶18}** In *State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, the 4th District found no prejudice in a five-year delay in resentencing, stating:

Appellate courts have generally held that when the defendant has been incarcerated during the length of the delay, and would not have been eligible for release during that time, no prejudice exists. In *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625, the court held that because Huber was incarcerated for a sentence longer than the delay between remand and resentencing, no prejudice existed when a nearly one-year delay occurred between remand and resentencing. *Huber* at ¶ 10. Further, in *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-5706, the court did not find prejudice when a 27-month delay between remand and resentencing occurred. Moreover, in *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892 (8th Dist.), the court held that when [there was] no allegation or finding that the government purposely delayed the defendant's

sentencing or acted in bad faith, and the record did not support a finding that the defendant delayed the hearing in any[ ]way, the court viewed the delay as a "serious administrative lapse." However, the court concluded that the 68-month delay, despite being lengthy, did not prejudice the defendant as he could not have been released during the delay. *Nia* at ¶ 33-34.

Finally, in a case with an even longer lapse between remand and resentencing than the case *sub judice*, in *State v. Holly*, 8th Dist. Cuyahoga No. 102764, 2015-Ohio-4771, the Eighth District did not find prejudice when a 15-year delay occurred in resentencing, stating: There is no doubt that the 15-year delay in resentencing was a serious failure by the criminal justice system. However, Holly had remained lawfully incarcerated during the delay, due to the length of his sentence * * *. Therefore, although the delay in resentencing here was extraordinary, we do not find that Holly was actually prejudiced. *Holly* at ¶ 9.

*Creech* at ¶ 17-18.

**{¶19}** Similarly, in *State v. Buckney*, 2nd Dist. Clark No. 2019-CA-75, 2020-Ohio-4927, ¶¶ 7-10 the Second District found that a 13-year delay in re-sentencing during which time defendant would not have been eligible for release did not result in prejudice to the defendant because "[d]uring the delay in the case sub judice, appellant remained lawfully incarcerated, and still has several years remaining on his sentence."

**{¶20}** *See also State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 25 (finding a five-year delay between remand and resentencing to be a "serious administrative lapse" but not prejudicial, since defendant could not have been

released during the five-year delay); *State v. Jones*, 2d Dist. Clark No. 2018-CA-17, 2019-Ohio-238, ¶ 27 (finding that a four-year delay between the court's remand and defendant's resentencing, although a serious administrative lapse, did not prejudice the defendant, since he could not have been released during the delay; therefore ineffective assistance of counsel appointed for resentencing was not demonstrated).

**{¶21}** In the instant case, the delay in resentencing was extremely lengthy, 12 years, and the record provides no explanation for the delay. At the commencement of the re-sentencing hearing, the trial court stated "…came to the Court's attention that there had been a decision by the Court of Appeals that somehow did not get either received by our Court or docketed by the Clerk some time ago, and we need to address the issues that were addressed there." (Re-Sent. T. at 3).

**{¶22}** Upon review, we find that in this case, as set forth above, in 2008, the trial court originally sentenced Appellant to a term of life with the possibility of parole after twenty (20) years, consecutive to a separate ten (10) year prison term, or a minimum thirty (30) year term of incarceration before he could seek release. At re-sentencing in 2022, the trial court imposed a sentence of life with the possibility of parole after twenty (20) years, consecutive to a separate ten (10) year prison term, or a minimum thirty (30) year term of incarceration.

**{¶23}** During the 12-year lapse in re-sentencing, Appellant was not eligible for parole and was lawfully incarcerated. While we similarly conclude that the delay in this case was a "serious administrative lapse" and inexcusable, we further conclude that the Appellant herein was not prejudiced thereby, since he remained lawfully incarcerated during the delay due to the length of his sentence.

{¶24} Further, it has also been held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing hearings. *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 36.

{¶25} Accordingly, since Appellant remained incarcerated during the 12-year delay and would not have been eligible for release during that time, no prejudice exists.

{¶26}  Appellant's sole assignment of error is overruled.

{¶27} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/kw  0414